533 A.2d 509

Melvin Gregory, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs September 3, 1987, to Judges MacPhail and Barry, and Senior Judge Narick, sitting as a panel of three.

*Veronica R. Anzalone,* First Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

Opinion by Judge MacPhail, November 16, 1987:

Mr. Gregory appeals here from a denial of administrative relief by the Pennsylvania Board of Probation and Parole (Board). We vacate and remand.

On November 22, 1977, Gregory was sentenced to a term of not less than five nor more than ten years for the crimes of rape and simple assault with the maxi-

mum release date of June 6, 1987. He was paroled on July 20, 1982 and recommitted on July 7, 1986 for thirty-six months for multiple technical violations. An appeal from the Board's denial of administrative relief with respect to the substantive merit of those violations was denied by this Court on September 11, 1987. *Gregory v. Pennsylvania Board of Probation and Parole,* 109 Pa. Commonwealth Ct. 294, 530 A.2d 1048 (1987).

On December 5, 1986, Gregory was sentenced to a term of one to three years for the crimes of theft and forgery which were unrelated to the technical violations for which Gregory had been recommitted on July 7, 1986. The Board, on December 8, 1986, recommitted Gregory for an additional term of twenty-four months as a convicted parole violator, making a total recommitment term of sixty months and a new maximum release date of September 13, 1991.

Gregory's first contention is that the Board exceeded its statutory authority when it recommitted him for thirty-six months for his technical violations notwithstanding the fact that his maximum release date under his original sentence was June 6, 1987. Section 21.1(b) of the Act of August 6, 1941, P.L. 861, *as amended,* added by Section 5 of the Act of August 24, 1951, P.L. 1401 (Act), 61 P.S. §331.21a(b), provides in pertinent part as follows:

(b)  Technical Violators. Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution in the Commonwealth who, during the period of parole, violates the terms and conditions of his parole, other than by the commission of a new crime of which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere in a court of record, may be recommit-

ted after hearing before the board. If he is so recommitted, he shall be given credit for the time served on parole in good standing but with no credit for delinquent time, and may be reentered to serve the remainder of his original sentence or sentences. Said remainder shall be computed by the board from the time his delinquent conduct occurred for the unexpired period of the maximum sentence imposed by the court without credit for the period the parolee was delinquent on parole, and he shall be required to serve such remainder so computed from the date he is taken into custody on the warrant of the board. . . .

Gregory argues that since the first incident which gave rise to the technical violations occurred March 11, 1986, he cannot be recommitted for more than fourteen months and twenty-five days because he must be given credit for his time served on parole in good standing and his recommitment as a *technical* violator cannot extend beyond June 6, 1987, the date of the expiration of his original sentence.

It is the Board's position that when Gregory was recommitted as a *convicted* parole violator he lost credit for *all* of his street time under the provisions of Section 21.1(a) of the Act which specifically provides that convicted parolees shall receive no credit for time spent on parole. The Board says that Gregory's loss of street time from July 22, 1982 until December 5, 1986 or a period of four years, four months and sixteen days must be added to Gregory's original maximum release date and, therefore, the recommitment for thirty-six months for the technical violations does not, in fact, exceed the unserved remainder of his original sentence.

No case law is cited for either contention and we have found none. In *Lewis v. Pennsylvania Board of*

*Probation and Parole,* 74 Pa. Commonwealth Ct. 335, 459 A.2d 1339 (1983), *Commonwealth v. Greenlee,* 263 Pa. Superior Ct. 477, 398 A.2d 676 (1979) and *Bunner v. Pennsylvania Board of Probation and Parole,* 32 Pa. Commonwealth Ct. 483, 379 A.2d 1368 (1977), however, this Court and the Superior Court emphasized that the Legislature intended a clear distinction between convicted parolees and parolees charged with technical violations with respect to credit for street time.

We now hold that where a parolee is recommitted for technical violations only, the plain meaning of the statutory language in Section 21.1(b) is that the parolee must be given credit for street time served in good standing and may not be recommitted beyond the expiration date of the original sentence. We also hold that the recommitment of a parolee as a convicted parole violator in a separate and later proceeding by the Board does not expunge the parolee's entitlement to credit for street time served in good standing as it affects technical parole violation recommitment time nor does it extend the time of the expiration of the parolee's original sentence as it affects technical parole violation recommitment time.

Applying those holdings to the matter now before us, we hold that the maximum recommitment time which the Board could give Gregory for his technical parole violations would be fourteen months and twenty-five days.

Gregory next argues that the Board erred when it disregarded that portion of the trial court's new sentences which provided that those sentences should "run concurrently with any time to be served by the defendant in a state correctional institution as a result of a parole violation." Gregory concedes, as he must, *see Commonwealth v. Dorian,* 503 Pa. 116, 468 A.2d 1091 (1983), that he is required to serve his twenty-four

month recommitment time as a convicted parole violator before commencing his new sentence but he contends that his recommitment time as a technical parole violator may be served concurrently with his new sentence as directed by the trial court. The difficulty with Gregory's argument is that the trial court was not dealing with, and probably was not even aware of, Gregory's technical violations. Pa. R. Crim. P. 1406(a) upon which Gregory relies is not applicable here because we are not concerned with two *sentences*. What is involved is a parole board recommitment order and a new sentence imposed by a court of common pleas.

Gregory finally contends that he has not been given proper credit for the time he spent in jail. As the Board notes, Gregory has been given full credit for his jail time on his new sentence in accord with the Supreme Court's decision in *Gaito v. Pennsylvania Board of Probation and Parole*, 488 Pa. 397, 412 A.2d 568 (1980).

### ORDER

The Board's order denying administrative relief is vacated and the case is remanded to the Pennsylvania Board of Probation and Parole for recomputation of the Petitioner's recommitment in accord with the foregoing opinion.

Jurisdiction relinquished.