**Gary PALMER, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 24, 1997.

Decided Dec. 23, 1997.

James H. Stratton, Jr., Ebensburg, for petitioner.

Robert A. Greevy, Harrisburg, for respondent.

Before PELLEGRINI and KELLEY, JJ., and NARICK, Senior Judge.

KELLEY, Judge.

Gary Palmer (Palmer) appeals *pro se* from an order of the Pennsylvania Board of Probation and Parole which denied his request for administrative relief. We affirm.

**1.** The date originally entered was April 29, 2000, but this order was later modified and the maximum expiration date was changed to January 8, 2000.

**2.** The date originally entered was November 14, 2001, but this order was later modified and the maximum expiration date was changed to October 24, 2001.

On January 29, 1981, Palmer was sentenced to a term of 10 to 20 years for the offense of robbery with a maximum term expiry of September 14, 1999. After serving 10 years in a state correctional facility, the board paroled Palmer from his sentence on May 18, 1990.

While on parole, Palmer was arrested and convicted of a new crime. By decision recorded March 14, 1991, Palmer was recommitted as a convicted parole violator. Upon recommitment, Palmer's maximum expiration date was extended to January 8, 2000.[1]

Palmer was reparoled on May 8, 1991. Thereafter, Palmer was recommitted for technical parole violations on May 4, 1992, and again on June 20, 1993. His maximum term expiry remained January 8, 2000. Palmer was reparoled on December 26, 1993. Upon release, Palmer signed a form governing conditions of parole/reparole which stated in pertinent part:

> If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

Certified Record at page 29.

While on reparole, Palmer was convicted of a new crime. After a hearing before the board, Palmer was again recommitted as a convicted parole violator by decision dated January 26, 1996. His maximum expiration date was extended to October 24, 2001.[2]

On May 5, 1996, Palmer filed a request for administrative relief which was denied by the board on January 10, 1997. Palmer *appeals the board's* order to this court *pro se.*[3]

Palmer raises the following issues on appeal:

**3.** Our scope of review is limited to a determination of whether necessary findings are supported by substantial evidence, an error of law was committed, or whether constitutional rights of the parolee were violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Shaffer v. Pennsylvania Board of Probation and Parole,* 675 A.2d 784 (Pa.Cmwlth.1996).

1. Whether the board erred and/or violated constitutional rights by taking away a parole violator's street time without first notifying the parolee prior to his recommitment hearing that such a loss was a possible outcome of the hearing?
2. Whether the board erred by recommitting a parole violator beyond the expiration date of his original sentence for technical violations as well as a new criminal conviction?

### ISSUE 1.

Palmer first contends that the board erred and violated his constitutional rights by failing to provide him with written notification, prior to his recommitment hearing, that a loss of credit for time at liberty on parole or "street time" was a possible outcome of the hearing.

Citing *Vanes v. United States Parole Commission*, 741 F.2d 1197 (9th Cir.1984), Palmer argues that due process requires that a parolee receive written notice prior to his recommitment hearing that the hearing may result in the loss of street time. The rationale applied by the *Vanes* court is that notice "affords the parolee the opportunity to prepare any defense or mitigation." *Id.* (citing *Morrissey v. Brewer*, 408 U.S. 471, 488, 92 S.Ct. 2593, 2603–04, 33 L.Ed.2d 484 (1972)).

■ *Vanes* and its progeny, however, indicate that the forfeiture of a parole violator's street time is a discretionary consequence for conviction of a new crime while on parole. *See Rizzo v. Armstrong*, 921 F.2d 855 (9th Cir.1990). By contrast, Pennsylvania law clearly mandates the forfeiture of street time where the board chooses to recommit the parolee as a convicted parole violator. *Andrews v. Pennsylvania Board of Probation and Parole*, 101 Pa.Cmwlth. 468, 516 A.2d 838 (1986).

■ Section 21.1(a) of what is commonly referred to as the "Parole Act"[4] states that where a parolee is recommitted as a convicted parole violator "he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and shall be given no credit for the time at liberty on parole." In other words, a parolee who is recommitted as a convicted parole violator automatically forfeits the time spent on parole. Since the loss of street time is statutorily mandated, due process does not require the board to provide notice to the parolee because there is nothing the parolee can say on his behalf or in mitigation at the hearing to prevent the loss of time at liberty on parole.

■ In the present case, once the board decided to recommit Palmer as a convicted parole violator, the loss of credit for street time was automatic. Thus, the board was not required to notify Palmer prior to his recommitment hearing that the loss of street time was a possible consequence. Moreover, Palmer did in fact receive notice of the consequences of being recommitted for new convictions at the time of his reparole. The "Conditions Governing Parole/Reparole" form signed by Palmer clearly stated that if he is convicted of a crime while on parole/reparole, the board is authorized to recommit him to serve the balance of his sentence "with no credit for time at liberty on parole." Accordingly, the board did not err or violate Palmer's constitutional rights by taking away Palmer's street time without providing Palmer with prior notification.

### ISSUE 2.

■ Palmer argues that the board erred by recommitting him as a parole violator beyond the expiration date of his original sentence for technical parole violations as well as a new criminal conviction. We disagree.

■ Section 21.1(b) of the Parole Act, 61 P.S. § 331.21a(b), provides that a technical parole violator must be given credit for street time served in good standing and may not be recommitted beyond the expiration date of the original sentence. However, time spent in good standing prior to recommitment for technical violations is not shielded from forfeiture where the parolee subsequently commits a new crime and is recommitted as a convicted parole violator. *Hous-*

---

**4.** Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. § 331.21(a).

er v. *Pennsylvania Board of Probation and Parole,* 682 A.2d 1365 (Pa.Cmwlth.1996); *Anderson v. Pennsylvania Board of Probation and Parole,* 80 Pa.Cmwlth. 574, 472 A.2d 1168 (1984).

Upon recommitment as a convicted parole violator, the parolee must serve the remainder of the term which he would have been compelled to serve had he not been paroled with no credit given for street time. Section 21.1(a) of the Parole Act, 61 P.S. § 331.21a(a); *Stepoli v. Pennsylvania Board of Probation and Parole,* 106 Pa.Cmwlth. 197, 525 A.2d 888 (1987). When computing the time yet to be served on the original sentence, the convicted parole violator's street time is added to the original maximum expiration date to create a new maximum expiry.

Here, Palmer was recommitted by the board twice as a technical parole violator and twice as a convicted parole violator. In neither recommitment as a technical parole violator did Palmer lose any credit for street time. His maximum term expiry of January 8, 2000 did not change by reason of those recommitments. However, each time Palmer was recommitted as a convicted parole violator, the board recalculated his maximum term in accordance with section 21.1(a) to reflect the loss of Palmer's street time. The board arrived at the new maximum expiration date of October 24, 2001 by adding Palmer's street time to the maximum expiration date of his original sentence. The board properly calculated Palmer's maximum term expiry by denying credit for street time and did not err by recommitting Palmer beyond the expiration date of his original sentence.

Accordingly, the order of the board is affirmed.

### ORDER

AND NOW, this 23rd day of December, 1997, the order of the Pennsylvania Board of Probation and Parole at Parole No. 4835–K is affirmed.