**Charles DORSEY, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 4, 2004.

Decided July 9, 2004.

Harry J. Cancelmi, Jr., Waynesburg, for petitioner.

Arthur R. Thomas, Harrisburg, for respondent.

BEFORE: PELLEGRINI, J., and COHN, J., and FLAHERTY, Senior Judge.

OPINION BY Judge COHN.

This is an appeal by Charles Dorsey from an order of the Pennsylvania Board of Probation and Parole (Board) that denied Dorsey's request for administrative relief and upheld the decision of the Board recalculating his maximum expiration date to April 14, 2005. We affirm.

Petitioner has a somewhat lengthy criminal history, mostly involving drug convictions, and has been paroled on numerous occasions. However, of relevance here are only events occurring since his release on parole on November 30, 2000. At that time, he had been serving a 2½–5 year sentence and his maximum date was April 7, 2004. While on parole, he was arrested on October 5, 2001 by Board agents for *technical* violations and recommitted by a Board decision mailed January 28, 2002. He was re-paroled on August 29, 2002 from his original 2½–5 year sentence. On October 25, 2002, he provided a urine specimen to his parole officer that later tested positive for cocaine. The following day he was arrested for traffic violations at which time he, *inter alia,* identified himself as "Charles Manson." He was charged with resisting arrest and providing false identification to law enforcement officers. He posted bail on the new charges that same day and was released. Dorsey failed to report this arrest to his parole officer as required by his parole conditions. On October 30th, the parole officer learned that Dorsey had failed to report his arrest and, for this reason, arrested him on November 1, 2002. Three days later the parole officer learned that the urine specimen Dorsey had provided on October 25th had tested positive for cocaine. As a result of the *technical* violations, Dorsey was then recommitted as a *technical parole violator* by order mailed February 27, 2003, to serve the balance of his term which was 1 year, 5 months and 6 days.

On May 29, 2003, Dorsey pled guilty to the traffic violations. He was sentenced to time served to 23 months for the new charges and was immediately constructively paroled to his 2½–5 year sentence. On August 15, 2003, the Board held a hearing relating to the new convictions and recommitted Dorsey as a *convicted parole violator.* By order mailed November 4, 2003, the Board announced a recalculated maximum date of April 14, 2005 for

the 2½–5 year sentence. *That order did not credit Dorsey with the 10 months and 5 days he had been on parole: from his initial parole on November 30, 2000 until his first arrest on October 5, 2001 for technical violations.* Dorsey appealed the recalculation of his maximum date for this reason and the Board denied administrative relief. This appeal followed.[1] Here, Petitioner argues, first, that the Board incorrectly recalculated his maximum date and, second, that Section 21.1 of what is commonly known as the Parole Act[2] is void because it is unconstitutionally vague.

■ Dorsey first argues before this Court that once the Board recommitted him for the *technical* violations on February 27, 2003, an action that does not require the forfeiture of street time,[3] *see Houser v. Pennsylvania Board of Probation and Parole,* 682 A.2d 1365 (Pa. Cmwlth.1996), it could not then, on November 4, 2003, when recommitting him for the new criminal conviction, reach back and take away his street time for the

parole period preceding that February 27th recommitment. The period of street time in issue began November 30, 2000 (the date Dorsey was paroled prior to the first recommitment for technical parole violations) and ends October 5, 2001 (the date he was arrested by Board agents for the second set of technical violations).

We begin by examining the general rule for forfeiture of street time. It is undisputed that one who has committed *technical* parole violations (other than delinquency on parole) does not forfeit any street time under Section 21.1(*b*) of the Parole Act, 61 P.S. § 331.21a(b),[4] which applies to *technical* parole violators. In contrast, a parolee who is *convicted* of a new crime while on parole does forfeit street time under Section 21.1(*a*) of the Parole Act, which applies to *convicted* parole violators. The precise question here is the effect of an intervening recommitment for technical violations only: is the street time prior to that technical recommitment *insulated* from forfeiture if a new crime is committed

---

1. On appeal our scope of review is limited to determining whether the Board committed a constitutional violation or an error of law and whether the findings of fact are supported by substantial evidence. *Slaymaker v. Pennsylvania Board of Probation and Parole,* 768 A.2d 417, 418 n. 1 (Pa.Cmwlth.2001).

2. Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. § 331.21a, added by Section 5 of the Act of August 24, 1951, P.L. 1410.

3. "Street time" is a term for the period of time a parolee spends at liberty on parole. Wile, Pennsylvania Law of Probation and Parole § 16.15 (2003).

4. This provision provides:

   (b) *Technical Violators.* Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution in the Commonwealth who, during the period of parole, violates the terms and conditions of his parole, other than by the commission of a new crime of which he is

convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere in a court of record, may be recommitted after hearing before the board. If he is so recommitted, *he shall be given credit for the time served on parole in good standing* but with no credit for delinquent time, and may be reentered to serve the remainder of his original sentence or sentences. Said remainder shall be computed by the board from the time his delinquent conduct occurred for the unexpired period of the maximum sentence imposed by the court without credit for the period the parolee was delinquent on parole, and he shall be required to serve such remainder so computed from the date he is taken into custody on the warrant of the board. Such prisoner shall be subject to reparole by the board whenever in its opinion the best interests of the prisoner justify or require his being reparoled and it does not appear that the interests of the Commonwealth will be injured thereby.
(Emphasis added.)

when the parolee is then re-paroled, or is that street time subject to forfeiture? Our case law of more than two decades holds that such street time is subject to forfeiture. *See, e.g., Houser v. Pennsylvania Board of Probation and Parole,* 682 A.2d 1365 (Pa.Cmwlth.1996); *Anderson v. Pennsylvania Board of Probation and Parole,* 80 Pa.Cmwlth. 574, 472 A.2d 1168 (1984).

Despite this case law, Dorsey argues that if an offender is re-paroled, after serving backtime for technical parole violations, and later commits a new crime while on parole, he should lose his street time only from the date of his re-parole, and not also from the street time served attendant to a prior parole. He relies on the *dissenting* opinion in *Houser.* That dissent, in turn relied on *Gregory v. Pennsylvania Board of Probation and Parole,* 111 Pa. Cmwlth. 118, 533 A.2d 509 (1987), which was *expressly discredited* by the *Houser* majority.[5]

> The majority opinion stated:
> "[P]arolees ... do not receive credit for time served while at liberty on parole in good standing prior to technical violations when recommitted as ... convicted parole violators ... To hold otherwise 'would benefit a parolee who committed a technical parole violation and then received a reparole ... by shielding him from forfeiture of the street time which preceded the technical violation, while affording no such benefit to a parolee who is free on parole for a like total period, but who commits no technical violation' "

*Houser,* 682 A.2d at 1368 (quoting from *Morris v. Pennsylvania Board of Probation and Parole,* 77 Pa.Cmwlth. 85, 465 A.2d 97, 98 (1983)). We believe this legal viewpoint remains correct and decline to overrule this precedent.

■ Second, Petitioner contends that Section 21.1(a) of the Parole Act is unconstitutionally void for vagueness. Section 21.1(a) states, in pertinent part:

> (a) *Convicted Violators.* Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, from which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere at any time thereafter in a court of record, may, at the discretion of the Board, be recommitted as a parole violator. If his recommitment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole.

Dorsey makes two arguments concerning vagueness. First, he asserts that the mere existence of the dissenting opinion in *Houser* and the language in *Gregory* render Section 21.1(a) unconstitutionally vague because it is subject to different judicial interpretations. Second, he contends that Section 21.1(a) does not specifically address the question of re-parole.

■ To withstand a challenge of being unconstitutionally void for vagueness, a statute must be written so as to afford an ordinary person fair notice of what conduct is prohibited, and describe the conduct in such a way so as to discourage arbitrary or discriminatory enforcement. *Commonwealth v. Mikulan,* 504 Pa. 244, 252, 470

---

5. We rejected the language in *Gregory* "to the extent it was inconsistent with *Houser.*" *Id.* at 1368 n. 5.

A.2d 1339, 1343 (1983). Due process is satisfied as long as the statute contains "reasonable standards to guide the prospective conduct." *Id.* Moreover, a statute is presumed to be constitutional and will not be declared unconstitutional unless it clearly, palpably and plainly violates the Constitution. *Id.* at 247, 470 A.2d at 1340.

First, as the above-cited standards demonstrate, the presence of diverse judicial views as to a statute's interpretation is *not* the legal test for vagueness, and thus, his argument does not present a basis for striking the statute on vagueness grounds.

Second, while it is true that Section 21.1(a) does not specifically address the sanction for new criminal actions committed while on *re*-parole, that factor alone does not create a constitutional infirmity, particularly where there is no reason that the standard would be any different from that applied to an initial parole. The result of applying a different standard would be that re-parole violators would receive a lesser sanction for the same criminal conduct than those who were first time parole violators. There is no rational basis for such a distinction. The clear intent of the provision is to discourage the commission of new crimes while on either parole or re-parole by imposing a costly sanction upon offenders. Consequently, we reject Dorsey's constitutional vagueness challenge.

Having concluded that the action of the Board in requiring forfeiture of the street time is in accord with the precedent of this Court and that the statute under which the action was taken is not constitutionally vague, we affirm the Board's order.

### ORDER

**NOW,** July 9, 2004, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter, denying administrative relief, is hereby affirmed.