Robert GAIR, Petitioner

v.

**PENNSYLVANIA BOARD
OF PROBATION AND
PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 4, 2008.

Decided May 13, 2008.

David Crowley, Chief Public Defender, Bellefonte, for petitioner.

Alan M. Robinson, Asst. Counsel and Victoria S. Madden, Chief Counsel, Harrisburg, for respondent.

BEFORE: LEADBETTER, President Judge, and PELLEGRINI, Judge, and LEAVITT, Judge.

OPINION BY Judge LEAVITT.

Robert Gair petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) denying his re-quest for administrative relief from his recommitment as a convicted parole violator. We are asked to consider whether the Board's calculation of Gair's maximum date of expiry is supported by the evidence. Concluding that the Board's computation is not supported by substantial evidence, we affirm in part and reverse in part.

In 2001, Gair was sentenced to serve one year and two months to seven years of imprisonment for the offenses of burglary and criminal attempt.[1] On January 22, 2004, Gair was paroled with a maximum parole expiration date of ·December 28, 2008. Certified Record at 3 (C.R.——). On June 20, 2004, Gair was declared delinquent and recommitted as a technical parole violator on September 8, 2004.

On November 27, 2006, Gair was reparoled with a maximum parole date of January 17, 2009; he was declared delinquent the same day.[2] C.R. 23, 27. Gair was arrested on December 23, 2006, by the Danville Police on numerous traffic and other offenses and detained by the Board on technical parole violations. C.R. 30–31. Following a revocation hearing, Gair was recommitted on January 25, 2007, as a technical parole violator to serve 12 months backtime when available. C.R. 48. On April 9, 2007, Gair was convicted of the offenses of Flight to Avoid Apprehension and Possessing an Instrument of Crime, for which he had been arrested on December 23, 2006, and sentenced to serve 42 to 84 months of imprisonment. C.R. 68–69.

On May 17, 2007, a revocation hearing was held at which Gair was represented by counsel. At that hearing, Gair's counsel objected to the Board's evidence on Gair's

---

1. Gair pled guilty to offenses in both Montour County, Criminal Action Nos. CP 13 and 14 of 2001, and Northumberland County, Criminal Action Nos. CR 26, 27, 28, 29 of 2001. Certified Record at 1 (C.R.——).

2. Gair failed to report to his approved release residence, and thus, was declared delinquent. C.R. 47.

imprisonment after December 23, 2006. He stated:

.... On the subject of bail, it appears from the Agent's report, [Form 257C; C.R. 30] it doesn't indicate whether bail was posted or not, but it does indicate that he was immediately incarcerated on the day he was arrested at the State Correctional Institution in Coal Township. Also, the sentencing order indicates that the effective date of the sentence is to take place at the expiration of the parole. Mr. Gair would further offer that—well, *we would submit that this is circumstantial evidence and the* fact that he did not—*was not detained in lieu of bail in the county on these criminal charges.*

Notes of Testimony at 7–8 (N.T.——) (emphasis added); C.R. 63–64. The Board did not respond to this objection or offer any additional evidence to clarify whether Gair ever posted bail on the criminal charges.

The Board closed the record, admitting into evidence, "the 257N, the Notice of Charges and Hearing, the 257T, the Technical Violation Arrest Report, the 257C, the Criminal Arrest and Disposition Report." N.T. 9; C.R. 65. Thereafter, on June 18, 2007, the Board printed and added AOPC Form 2220 to the certified record, which stated that Gair had been arrested on January 5, 2007, and that bail had been set at the time of Gair's arrest but not posted.[3] C.R. 72–73. By order of June 19, 2007, the Board recommitted Gair as a convicted parole violator to serve nine months concurrent with the previously imposed 12 months for technical parole viola-

tions; accordingly, it calculated Gair's controlling maximum parole violation date to be October 6, 2009. C.R. 86–87.

On July 12, 2007, Gair filed a request for administrative relief, challenging the computation of his new maximum parole violation date and asserting that his due process rights had been violated. The Board denied Gair's administrative appeal, prompting the present appeal.

On February 12, 2008, the Board filed an Application for Relief with this Court, requesting that the matter be remanded to the Board for a hearing. Gair opposed the Application, and this Court issued an order directing the parties to address the Board's Application along with the merits of this case.

■ On appeal,[4] Gair presents two issues for our consideration. First, Gair asserts the Board erred in not crediting his time spent at liberty for the time between his initial parole until he was declared delinquent. Second, he contends he was denied due process because the Board relied upon evidence not presented at the revocation hearing to calculate his parole violation maximum date.

Gair first argues that the Board erred in its interpretation of what is commonly referred to as the Parole Act (Act), Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. §§ 331.1–331.34a. Specifically, he contends that under Section 21.1(a) of the Parole Act,[5] he is entitled to credit for 142 days of street time for the period between his initial parole until he was declared

---

3. The information on AOPC Form 2220 was incorrect; Gair was arrested on December 23, 2006, not January 5, 2007.

4. Our scope of review is limited to a determination of whether necessary findings are supported by substantial evidence, an error of law was committed, or whether constitutional

rights of the parolee were violated. *Palmer v. Pennsylvania Board of Probation and Parole,* 704 A.2d 195, 196 n. 3 (Pa.Cmwlth.1997).

5. Section 21.1(a) was added by the Act of August 24, 1951, P.L. 1401, 61 P.S. § 331.21a(a).

delinquent, *i.e.*, from January 22, 2004, to June 20, 2004.

█ Section 21.1(a) of the Act[6] provides that a parolee may be recommitted as a convicted parole violator if, while on parole, the parolee commits a crime punishable by imprisonment, for which he is convicted or found guilty. Section 21.1(a) further provides that "[i]f his recommitment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole." 61 P.S. § 331.21a(a). "In other words, a parolee who is recommitted as a convicted parole violator automatically forfeits the time spent on parole." *Palmer v. Pennsylvania Board of Probation and Parole*, 704 A.2d 195, 197 (Pa.Cmwlth.1997).

Gair directs the Court to *Gregory v. Pennsylvania Board of Probation and Parole*, 111 Pa.Cmwlth. 118, 533 A.2d 509 (1987). In *Gregory*, this Court stated that

the recommitment of a parolee as a convicted parole violator in a separate and later proceeding by the Board does not expunge the parolee's entitlement to credit for street time served in good standing as it affects technical parole violation recommitment time....

533 A.2d at 511–512. However, the above-recited rationale has not been followed but specifically rejected. *Houser v. Pennsylvania Board of Probation and Parole*, 682 A.2d 1365, 1368 n. 5 (Pa.Cmwlth.1996) (stating, "[w]e reject the language of this Court's prior decision in *Gregory v. Pennsylvania Board of Probation and Parole* ..., to the extent that it appears to conflict with our resolution of the issue in this matter."). Indeed, the reasoning of *Gregory* has been rejected by this Court several times, most recently in *Melendez v. Pennsylvania Board of Probation and Parole*, 944 A.2d 824 (Pa.Cmwlth.2008).

Gair was recommitted by the Board as a technical parole violator and as a convicted parole violator. In his recommitment as a technical parole violator, Gair did not lose any credit for street time, and it did not change his maximum sentence date. However, when Gair was recommitted as a convicted parole violator, the Board recalculated his maximum term in accordance with Section 21.1(a) to reflect the loss of his street time. Accordingly, the Board added 142 days of street time to the maximum expiration date for Gair's original sentence. This was appropriate under *Houser*.

█ Next, we address Gair's contention that the Board violated his due process rights by relying upon evidence not pre-

**6.** Section 21.1(a) more fully provides:

Convicted Violators. Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, *commits any crime punishable by imprisonment, for which he is convicted or found guilty* by a judge or jury or to which he pleads guilty or nolo contendere at any time thereafter in a court of record, may, at the discretion of the board, be recommitted as a parole violator. If his recommitment is so ordered, he *shall be reentered to serve* the remainder of the term which said parol-

ee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole. The board may, in its discretion, reparole whenever, in its opinion, the best interests of the prisoner justify or require his release on parole and it does not appear that the interests of the Commonwealth will be injured thereby. The period of time for which the parole violator is required to serve shall be computed from and begin on the date that he is taken into custody to be returned to the institution as a parole violator.

61 P.S. § 331.21a(a).

sented at the revocation hearing when it calculated his parole maximum date.[7]

At the revocation hearing, Gair objected to the Board's evidence offered to show that Gair had not posted bail. Although the Board closed the record at the conclusion of the hearing, the Board concedes that a staff technician relied on a docket sheet from the Administrative Office of Pennsylvania Courts to calculate Gair's parole violation maximum date. The docket sheet stated that Gair was arrested on January 5, 2007, and that bail of $50,000 was set on January 5, 2007, but not posted. Notably, Gair was not arrested on January 5, 2007, and the docket sheet is erroneous, at least in this respect.

The Board acknowledges that the docket sheet is not part of the record. It construes Gair's objection in this regard as a request for a remand under *Pierce v. Pennsylvania Board of Probation and Parole,* 92 Pa.Cmwlth. 457, 500 A.2d 181 (1985). Accordingly, it filed its Application for Relief requesting a remand.

Gair opposes the Application, contending that, (1) he has not requested a *Pierce* hearing, (2) a *Pierce* hearing is not necessary or authorized because the issue of whether Gair posted bail was raised and fully litigated in the revocation hearing, and (3) granting the application would only give the Board a second opportunity to make the case it failed to make at the revocation hearing. We agree.

In *Pierce,* the parolee sought credit toward his recommitment time for a period of imprisonment after he had posted bail for his new criminal charges and remained in custody solely for the parole violations. Because the Board did not assert that he had, or had not, posted bail there was no evidence to support the parolee's claim that he had posted bail. We remanded to determine this factual question and for a recomputation, if necessary. We did so by noting that there are instances where the Board cannot calculate the credit owed to a parolee because the revocation hearing pre-dates the sentencing hearing on the underlying charges. In remanding, we declined to adopt the Board's suggestion that it was the parolee's burden in a revocation hearing to make the record on whether he posted bail. *Id.* at 183. We explained:

> The computation of recommitment time, including the proper crediting of time spent in custody solely on a Board warrant, is a determination made by the Board just as is the determination that a petitioner did in fact violate his parole. *Accordingly, the Board must bear the burden of justifying its computation of recommitment time by presenting substantial evidence that bail was not posted. The Board meets this burden by*

7. In *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the United States Supreme Court set forth the minimal due process requirements that a parole revocation hearing must meet to satisfy the Fourteenth Amendment to the United States Constitution. Those requirements include:
 (a) written notice of the claimed violations of parole;
 (b) disclosure to the parolee of evidence against him;
 (c) opportunity to be heard in person and to present witnesses and documentary evidence;
 (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation);
 (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and
 (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.
 *Morrissey,* 408 U.S. at 489, 92 S.Ct. 2593.

*presenting records pursuant to 37 Pa. Code § 71.5(d).* See *Davis v. Pennsylvania Board of Probation and Parole,* 85 Pa.Commonwealth Ct. 278, 481 A.2d 714 (1984). A Petitioner can then rebut this evidence by demonstrating that the Board's evidence inaccurately reflects that he did not post bail.

*Id.* at 183 (emphasis added).

 At the recommitment hearing, Gair's counsel challenged the sufficiency of the Board's case, noting the absence of any evidence that Gair had, or had not, posted bail.[8] C.R. 63–64. *Pierce* is not relevant in these circumstances. It was the Board's burden to produce evidence that Gair was held solely on the Board's detainer. Even though Gair's counsel objected to the Board's lack of evidence on this point, the Board failed to respond by producing the necessary evidence. The Board does not have the right to a second hearing to make the case it should have made in the first instance. The Board failed to prove that Gair did not post bail, and this was its burden.[9] *Pierce,* 500 A.2d at 183.

The Board's calculation of Gair's maximum date of expiry is not supported by substantial evidence. The only inference to be drawn from the evidence of record is that Gair was detained solely on the Board's detainer after his arrest on December 23, 2006, until April 9, 2007. Accordingly, we must remand to the Board to apply pre-sentence confinement credit to Gair's original sentence consistent with *Gaito v. Pennsylvania Board of Probation and Parole,* 488 Pa. 397, 412 A.2d 568

(1980), and to calculate Gair's maximum date of expiry in a manner consistent with this opinion.

### ORDER

AND NOW, this 13th day of May, 2008, the determination of the Pennsylvania Board of Probation and Parole dated August 29, 2007, in the above matter is AFFIRMED in part and REVERSED in part. The matter is REMANDED for a recalculation of Petitioner's maximum date of expiry consistent with this opinion. The Application for Relief filed by the Board of Probation and Parole is DENIED.

Jurisdiction relinquished.

---

8. Because the Board bears the "burden of justifying its computation of recommitment time by presenting substantial evidence that bail was not posted," *Pierce,* 500 A.2d at 183, Gair's counsel had no obligation to point out this evidentiary gap in the Board's case.

9. In *Gaito v. Pennsylvania Board of Probation and Parole,* 488 Pa. 397, 412 A.2d 568 (1980), the Pennsylvania Supreme Court held that

"time spent in custody pursuant to a detainer warrant shall be credited to a convicted parole violator's original term ... only when the parolee was eligible for and had satisfied bail requirements for the new offense and thus remained incarcerated only by reason of the detainer warrant lodged against him." *Id.* at 403, 412 A.2d at 571 (quotation omitted).