# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark Freeman, : 
              Petitioner : 
               : 
          v. :   No. 528 C.D. 2016
               :   Submitted: October 7, 2016
Pennsylvania Board of Probation : 
and Parole, : 
            Respondent : 

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
              HONORABLE JULIA K. HEARTHWAY, Judge
              HONORABLE JOSEPH M. COSGROVE, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**          **FILED: December 20, 2016**

Mark Freeman (Freeman) petitions for review from an order of the Pennsylvania Board of Probation and Parole (Board) that denied his administrative appeal of a Board recommitment and recalculation order. Also before us is a petition to withdraw as counsel filed by Freeman's court-appointed attorney, Daniel C. Bell, Esquire (Attorney Bell), on the ground that Freeman's appeal is without merit. For the reasons that follow, we grant Attorney Bell's petition to withdraw as counsel, and we affirm the Board's order.

Freeman initially received an aggregate sentence of 10 years and 9 months to 30 years in prison for several convictions, including aggravated assault and robbery. His original minimum sentence date was September 8, 1998, and his original maximum sentence date was January 28, 2018.

In June 2004, the Board paroled Freeman to a community corrections facility. In October 2005, the Board issued a warrant to commit and detain Freeman. The Board subsequently recommitted Freeman as a technical parole violator.

Thereafter, in December 2006, the Board re-paroled Freeman. The Board subsequently declared Freeman delinquent as of July 2010. Several months later, the Board recommitted Freeman for multiple technical parole violations.

In June 2012, the Board again re-paroled Freeman. At that time, he had 2,040 days remaining on his original sentence.

In October 2012, the Board issued a warrant to commit and detain Freeman. New criminal charges were filed against Freeman. He was released on bail in January 2013. Thereafter, he pled guilty to one of the new criminal charges and received a sentence of probation.

Ultimately, the Board recommitted Freeman as a technical parole violator to serve six months' backtime after he admitted to a violation of special condition 7 of his parole (relating to curfew). Additionally, based on Freeman's new criminal conviction, the Board recommitted Freeman as a convicted parole violator to serve six months' backtime concurrent to the six months imposed for the technical violation. The Board also recalculated Freeman's maximum sentence as May 5, 2023. Freeman filed an administrative appeal, which the Board denied.

Freeman filed a petition for review to this Court, primarily asserting the Board erred in improperly extending his maximum sentence date when it refused to afford him credit for periods in which he was on parole over the prior 10 years (and in so doing the Board "double dip[ped]"). Freeman's Pet. for Review, 4/5/16, at 2. Additionally, he referenced a page of his administrative appeal in which he argued the Board erred in exceeding the presumptive range when imposing backtime for his parole violations without providing reasons for doing so and by delaying in issuing its decision extending his maximum sentence date. Freeman also filed an addendum to his petition for review in which he asserted the recomputation of his maximum sentence date should have begun from the date of the Board's warrant. He further argued he was denied adequate representation for purposes of parole revocation and appeal. This matter is now before us for disposition.

Counsel seeking to withdraw must conduct a zealous review of the case and submit a "no-merit" letter to this Court detailing the nature and extent of counsel's diligent review of the case, listing the issues the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988); Hughes v. Pa. Bd. of Prob. & Parole, 977 A.2d 19 (Pa. Cmwlth. 2009) (en banc); Zerby v. Shanon, 964 A.2d 956 (Pa. Cmwlth. 2009).

In Hughes, we held, where there is a constitutional right to counsel, counsel seeking to withdraw from representation of a parolee in an appeal of a

Board determination should file an Anders[1] brief.  Relying on Gagnon v. Scarpelli, 411 U.S. 778 (1973), we held a constitutional right to counsel arises where a parolee raises a "colorable claim":

> (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

Hughes, 977 A.2d at 24 (quoting Gagnon, 411 U.S. at 790).  We further stated such claims would only arise in appeals from determinations revoking parole.  Id.  Thus, we held "[i]n an appeal from a revocation decision, this Court will apply the test from Gagnon, quoted above, and, unless that test is met, we will only require a no-merit letter."  Id. at 26 (emphasis in original, footnote omitted).

Here, the record contains no suggestion by Freeman that he did not commit the crime for which he received the new criminal conviction or that he did not commit the technical parole violation.  Further, Freeman does not adequately set forth substantial reasons that justified or mitigated his new criminal conviction or technical parole violation and that make revocation inappropriate.  Indeed, he "knowingly, intelligently, and voluntarily" admitted he committed the crime at issue as well as the technical parole violation, and he waived his right to a parole revocation hearing.  Certified Record (C.R.) at 80, 81.  Moreover, the issues Freeman raises are not complex or difficult to develop.  Thus, Freeman does not have a constitutional right to counsel under the Gagnon test; rather, he has a

---

[1] See Anders v. State of California, 386 U.S. 738 (1967).

statutory right to counsel under Section 6(a)(10) of the Public Defender Act.[2] As such, Attorney Bell properly filed a <u>Turner</u> no-merit letter in seeking to withdraw his representation of Freeman.

In order to withdraw, counsel must satisfy certain procedural requirements, which include: notifying the parolee of his request to withdraw; furnishing the parolee with a <u>Turner</u> letter; and, informing the parolee of his right to retain new counsel or submit a brief on his own behalf. <u>See</u> <u>Zerby</u>.

Substantively, counsel's <u>Turner</u> letter must contain: the nature and extent of counsel's review; the issues the parolee wishes to raise; and, counsel's analysis in concluding the parolee's appeal is meritless. <u>Zerby</u>. If these requirements are satisfied, we must conduct our own review of whether the issues are meritless. <u>Id.</u>

Here, Attorney Bell's no-merit letter satisfies the applicable technical requirements. Attorney Bell notified Freeman of his request to withdraw and advised him of his right to retain new counsel or file an appeal on his own behalf.[3] Further, Attorney Bell sent Freeman copies of the petition to withdraw and the no-merit letter. Attorney Bell also provided an analysis of the issues raised in Freeman's petition for review.

---

[2] Act of December 2, 1968, P.L. 1144, <u>as</u> <u>amended</u>, 16 P.S. §9960.6(a)(10).

[3] Freeman did not retain new counsel or file a brief.

5

In addition, Attorney Bell's no-merit letter complies with Turner. It contains a statement indicating he reviewed the proceedings affecting Freeman, Freeman's petition for review and the record. The no-merit letter also addresses the issues Freeman raises on appeal. Moreover, it sets forth Attorney Bell's analysis of the issues and why they are meritless. In particular, the no-merit letter explains: because Freeman was a convicted parole violator, the Board properly determined he forfeited credit for all time he spent in good standing on parole; the Board properly recalculated Freeman's maximum sentence date; the Board imposed backtime for the parole violations within the presumptive ranges and, as such, this Court will not entertain a challenge to the propriety of the recommitment terms; the Board did not improperly delay in issuing its revocation decision; and, Freeman waived his right to counsel before the Board. As such, Attorney Bell complied with Turner, and we may conduct an independent review to determine whether Attorney Bell's characterization of the appeal as meritless is correct. Zerby.

Our independent examination confirms that Freeman's contentions are meritless.[4] In his petition for review, Freeman first argues the Board erred in improperly extending his maximum sentence date when it refused to afford him credit for periods in which he was on parole over the prior 10 years (and in so doing the Board "double dip[ped]"). Freeman's Pet. for Review at 2.

_____

[4] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Miskovitch v. Pa. Bd. of Prob. & Parole, 77 A.3d 66 (Pa. Cmwlth. 2013).

Contrary to Freeman's assertion, although a technical parole violator is entitled to credit for street time served in good standing, time spent in good standing prior to recommitment for technical violations is not shielded from forfeiture where the parolee subsequently commits a new crime and is recommitted as a convicted parole violator. Armbruster v. Pa. Bd. of Prob. & Parole, 919 A.2d 348 (Pa. Cmwlth. 2007). Thus, upon recommitment as a convicted parole violator, in addition to losing all time spent at liberty during the current parole, a parolee will also forfeit all credit received for time spent in good standing while on parole prior to his previous recommitment as a technical parole violator. Id.; see Melendez v. Pa. Bd. of Prob. & Parole, 944 A.2d 824 (Pa. Cmwlth. 2008) (where parolee is recommitted as convicted parole violator, he forfeits all street time, including street time earned in good standing prior to a prior recommitment as a technical parole violator).

In addition, the Board has "the power to recommit a convicted parole violator to serve the balance of the court-imposed maximum sentence if the new crime was committed by the parolee before the expiration of the maximum sentence originally imposed." Knisley v. Pa. Bd. of Prob. & Parole, 362 A.2d 1146, 1148 (Pa. Cmwlth. 1976). Further, "the constitutional challenges to this procedure [have been] rejected by this Court …." Id.

We recognize that "[t]he Board can only require that a parolee serve the remaining balance of his unexpired term since the Board does not have the power to alter a judicially-imposed sentence." Yates v. Pa. Bd. of Prob. & Parole, 48 A.3d 496, 502 (Pa. Cmwlth. 2012) (quoting Savage v. Pa. Bd. of Prob. &

7

Parole, 761 A.2d 643, 645 (Pa. Cmwlth. 2000)). However, "when a parolee is recommitted due to criminal conviction, his maximum sentence date may be extended to account for <u>all street-time</u>, <u>regardless of good or delinquent standing</u>." <u>Richards v. Pa. Bd. of Prob. & Parole</u>, 20 A.3d 596, 599 (Pa. Cmwlth. 2011) (<u>en banc</u>) (emphasis added). The Supreme Court specifically holds the Board's authority to extend maximum term expiration dates under such circumstances does not usurp the courts' sentencing functions or violate a parolee's due process rights. <u>Gaito v. Pa. Bd. of Prob. & Parole</u>, 412 A.2d 568 (Pa. 1980).

Further, as this Court previously explained, "[t]he statutory provision denying credit for time spent on parole … does not violate constitutional due process … and the [prohibition] against double jeopardy …." <u>Bellamy v. Pa. Bd. of Prob. & Parole</u> (Pa. Cmwlth., No. 439 C.D. 2014, filed May 7, 2015) (unreported), Slip Op. at 6-7, 2015 WL 5413883 at *4 (citing <u>Young v. Bd. of Prob. & Parole</u>, 409 A.2d 843 (Pa. 1979); <u>Commonwealth ex rel. Rambeau v. Rundle</u>, 314 A.2d 842 (Pa. 1973); <u>Choice v. Pa. Bd. of Parole</u>, 448 F. Supp. 294 (M.D. Pa. 1977)); <u>see</u> <u>also</u> <u>Monroe v. Pa. Bd. of Prob. & Parole</u>, 555 A.2d 295 (Pa. Cmwlth. 1989) (rejecting parolee's arguments that Board's order, which denied him credit for time at liberty on parole, improperly extended his maximum sentence in violation of his constitutional rights against double jeopardy and offending due process).

Here, the Board properly recalculated Freeman's maximum sentence date as May 5, 2023. In particular, the Board re-paroled Freeman on June 28, 2012, with a maximum sentence date of January 28, 2018. C.R. at 36-42. Thus,

8

Freeman had 2,040 days remaining on his original sentence at the time of re-parole. In light of his recommitment as a convicted parole violator, the Board had authority to recalculate Freeman's sentence to reflect that he received no credit for the period in which he was at liberty on parole. 61 Pa. C.S. §6138(a)(2). The Board did not grant Freeman credit for time at liberty on parole. C.R. at 85.

Further, Freeman was previously on parole from June 14, 2004 to October 25, 2005 (498 Days), and from December 13, 2006 to July 9, 2010 (1,304 Days), a total of 1,802 days. C.R. at 16, 17, 26, 27. Adding the 1,802 days of prior parole liberty forfeited (as a result of his subsequent convicted parole violation), Freeman had 3,842 days remaining on his sentence based on his recommitment. C.R. at 94.

On October 27, 2012, police arrested Freeman on the new criminal charges. C.R. at 44. The Board lodged its detainer against Freeman on that date. C.R. at 43. The common pleas court released Freeman on bail on January 10, 2013, but he remained confined on the Board detainer. C.R. at 58. Freeman was convicted on the new criminal charge on May 5, 2015, and the common pleas court sentenced him to a term of probation on that date. C.R. at 55.

Based on these facts, the Board afforded Freeman 920 days of credit on his original sentence for the *entire* period he was incarcerated from October 27, 2012 to May 5, 2015, because he was confined solely on the Board's detainer, and because his time served on the new charge could not be credited against the new sentence of probation. C.R. at 94; see Gaito. Subtracting the 920 days of credit

9

the Board afforded Freeman from the time he had remaining left 2,922 days remaining on his sentence. C.R. at 94. Also, after Freeman received a sentence of probation on his new conviction, he became available to begin serving backtime on May 5, 2015, the date he was returned to the Board's custody. Id.[5] Adding 2,922 days to that date, yielded a new maximum sentence date of May 5, 2023. Id. Freeman's argument to the contrary lacks merit.[6]

In addition, Freeman asserts the Board violated his right to due process when it exceeded the presumptive ranges in imposing backtime for his parole violations without providing its reasons for doing so. Contrary to this assertion, "[t]his [C]ourt will not interfere with the Board's discretion where the parole violations are supported by substantial evidence and the amount of backtime imposed … is within the applicable presumptive range." Davis v. Pa. Bd. of Prob. & Parole, 841 A.2d 148, 151-52 (Pa. Cmwlth. 2004) (footnote omitted). Indeed,

---

[5] Citing Terrell v. Jacobs, 390 A.2d 1379 (Pa. Cmwlth. 1978), Freeman asserts the Board should have recalculated his maximum sentence date from October 27, 2012, the date of the Board's warrant, rather than on May 5, 2015, the date he was returned to Board custody on his original sentence. As set forth above, however, the Board here properly afforded Freeman credit for the period from October 27, 2012 through May 5, 2015 (a total of 920 days) toward his original sentence because he satisfied bail requirements and was confined solely on the Board's detainer. Thus, Freeman received credit toward his original sentence for the period he references.

[6] To the extent Freeman argues the Board was required to give him notice that his recommitment as a convicted parole violator would result in the loss of credit for the time he was at liberty on parole or "street time," this claim also lacks merit. A parolee who is recommitted as a convicted parole violator forfeits the time spent on parole unless the Board exercises its discretion to award credit, which it declined to do here. See Palmer v. Pa. Bd. of Prob. & Parole, 704 A.2d 195 (Pa. Cmwlth. 1997). Further, as Attorney Bell states in his no-merit letter, Freeman did, in fact, receive notice of the consequences of his recommitment for a new conviction at the time of his re-parole. Indeed, the "Conditions Governing Parole/Reparole" form Freeman signed stated that if he was convicted of a crime while on parole or reparole, the Board had authority to recommit him to serve the balance of his sentence "with no credit for time at liberty on parole." C.R. at 38. Freeman's claim to the contrary lacks merit.

"[a]s long as the period of recommitment is within the presumptive range for the violation, the Commonwealth Court will not entertain challenges to the propriety of the term of recommitment." Smith v. Pa. Bd. of Prob. & Parole, 574 A.2d 558, 560 (Pa. 1990).

The presumptive range for the crime Freeman was convicted of, intentional possession of a controlled substance by a person not registered (misdemeanor), is three to six months. 37 Pa. Code §75.2. Further, the presumptive range for Freeman's technical parole violation, a violation of special condition #7 (curfew violation), is 3 to 18 months. 37 Pa. Code §75.4. The Board here imposed concurrent terms of six months' backtime on Freeman's convicted parole violation and his technical parole violation. C.R. at 96. Because the backtime imposed is well within the presumptive range for Freeman's admitted parole violations, this issue is meritless. Smith; Davis.

Freeman also contends the Board erred by delay in issuing its recommitment and recalculation decision. Contrary to this assertion, the Board's decision recommitting him as a convicted parole violator and recalculating his maximum sentence date was issued approximately three months after Freeman admitted to the convicted parole violation. C.R. at 81, 96-97. Freeman cites no authority in support of his argument that the Board was required to issue its revocation decision in a specified timeframe.[7] Additionally, he does not explain how he suffered prejudice as a result of any delay. As such, this issue lacks merit.

[7] To that end, in Sanders v. Pennsylvania Board of Probation and Parole, 651 A.2d 663 (Pa. Cmwlth. 1994), a mandamus action in our original jurisdiction for the Board to issue its initial decision (known as the green sheet), we addressed whether the charges could be invalidated where the Board did not act in a timely manner. Ultimately, we held that where

11

Finally, to the extent Freeman asserts he should have been afforded counsel for purposes of his parole revocation proceeding, Freeman waived his right to counsel, along with his right to a revocation hearing, on both his technical and convicted parole violations. C.R. at 80, 81. And, while Freeman had a right to assistance of counsel in connection with his administrative appeal,[8] there is no indication in the record that he requested the assistance of counsel prior to filing an administrative appeal on his own behalf.[9]

---

neither the former Parole Act, Act of August 6, 1941, P.L. 861, as amended, 61 P.S. §§ 331.1-331.34, repealed by Section 11(b) of the Act of August 11, 2009, P.L. 147, nor the Board's regulations, 37 Pa. Code §§61.1-77.1, provided a timeframe within which the Board had to issue a green sheet decision, and where the parolee admittedly suffered no harm because of the delay, there was no basis to dismiss the Board's allegations underlying the revocation hearing. In doing so we stated:

> [N]o basis exists for requiring the Board to dismiss with prejudice the allegations underlying the revocation hearing. Neither the [former Parole Act], nor the Board's regulations provide a time frame within which the Board must issue a green sheet decision. Hence, the only remedy available to [the parolee] is an order from this Court commanding the Board to issue its decision, which it has already done. Of particular note is this Court's decision in Morganelli v. Casey, [646 A.2d 744 (Pa. Cmwlth. 1994)], stating that the failure of an administrative agency or a court to decide a case within a reasonable time, where no time limit is statutorily prescribed, is subject to a mandamus order commanding the issuance of a decision. This principle applies with equal force to the Board in [this] matter where no statutory provision prescribes a time limit within which the Board must issue its revocation decision.

Sanders, 651 A.2d at 667.

[8] See Larkin v. Pa. Bd. of Prob. & Parole, 555 A.2d 954 (Pa. Cmwlth. 1989).

[9] Attached to Freeman's petition for review, but not of record, is a request for appointment of counsel in connection with his administrative appeal. In that document, Freeman noted that at the time he requested the assistance of counsel *he already filed* his administrative appeal with the Board.

For all these reasons, we grant Attorney Bell's petition for leave to withdraw as counsel, and we affirm the Board's order denying administrative relief.

_____
ROBERT SIMPSON, Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Mark Freeman,                :
           Petitioner        :
                                :
           v.                  :    No. 528 C.D. 2016
                                :
Pennsylvania Board of Probation    :
and Parole,                           :
           Respondent     :

# **O R D E R**

**AND NOW**, this 20th day of December, 2016, we **GRANT** Daniel C. Bell, Esquire's petition to withdraw as counsel, and we **AFFIRM** the order of the Pennsylvania Board of Probation and Parole.

 

                                  _____

                                  ROBERT SIMPSON, Judge