# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Yonk Deny Classon, : 
              Petitioner : 
            : 
          v. : No. 126 C.D. 2015
            : Submitted: April 29, 2016
Pennsylvania Board of Probation and : 
Parole, : 
           Respondent : 


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE COHN JUBELIRER        FILED: July 8, 2016


Yonk Deny Classon (Classon) petitions for review of the January 26, 2015 Decision of the Pennsylvania Board of Probation and Parole (Board), which denied his administrative appeal and affirmed the Board's November 19, 2014 decision recommitting Classon to serve 18 months' backtime as a convicted parole violator (CPV) without awarding him credit for the time he spent at liberty on parole and recalculating his maximum date as July 8, 2018. On appeal, Classon argues that the Board erred by: (1) failing to exercise its discretion under Section 6138(a)(2.1) of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. § 6138(a)(2.1), by summarily denying him credit for the time he spent at liberty on parole in good

standing, and that such failure is an abuse of discretion; and (2) failing to provide reasons for its decision to deny him credit. Because this Court's recent *en banc* decision, Pittman v. Pennsylvania Board of Probation and Parole, 131 A.3d 604 (Pa. Cmwlth. 2016), petition for allowance of appeal granted, ___ A.3d ___ (Pa., No. 90 MAL 2016, filed May 23, 2016), is controlling here, we affirm.

On September 9, 2010, Classon was sentenced to serve two years, three months to six years of imprisonment after he entered a guilty plea to the manufacture, sale, delivery, or possession with intent to deliver a controlled substance. Classon's minimum release date was July 28, 2012, and his maximum release date was April 28, 2016. (C.R. at 34.) Classon was released on parole from State Correctional Institution (SCI) Fayette on July 31, 2012. The day before, Classon received and signed the conditions governing his parole, which stated, in pertinent part, that "[i]f you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole." (C.R. at 35.)

On May 27, 2013, the Reading Police Department arrested Classon and charged him with one count of possession of a controlled substance and two counts of possession with intent to deliver a controlled substance.[1] He was confined in Berks County Prison. The Board lodged a warrant to commit and detain Classon the same day pending disposition of the new criminal charges. (C.R. at 38.)

---

[1] The two counts of possession with intent to deliver a controlled substance were dismissed.

Classon was arrested again on June 19, 2013. (Criminal Arrest and Disposition Report, C.R. at 55.)

On August 7, 2014, Classon pled guilty to the charge of delivery of a controlled substance (cocaine) in two separate cases at docket numbers CP-06-CR3821-2013 and CP-06-CR3820-2013, respectively. (C.R. at 69, 78.) The trial court sentenced Classon to a term of one and a half to five years' incarceration in a SCI with 437 days' time served for the case at docket number CP-06-CR3821-2013, and five years special probation under the supervision of the Board to be served concurrent to the first term for the case at docket number CP-06-CR3820-2013. (Sentence Orders, C.R. at 69; Special Probation Order, C.R. at 78.) Classon thereafter signed a Waiver of Revocation Hearing and Counsel/Admission Form, waiving his right to a revocation hearing and his right to counsel and admitting that he violated his parole by committing delivery of controlled substances. (Waiver of Revocation Hearing and Counsel/Admission Form, C.R. at 87.) The Board accepted Classon's waivers and indicated in the Hearing Report that Classon would not receive credit for time he spent at liberty on parole by checking "No" next to "Credit time spent at liberty on parole." (Hearing Report, C.R. at 60, 63.) The Hearing Report also states that "(Excluded offenses [are] on pg. 8)." (C.R. at 63.) The crime of delivery of a controlled substance is not listed as one of the excludable offenses.

By decision mailed November 19, 2014, the Board recommitted Classon to a SCI as a CPV to serve 18 months' backtime for his new criminal convictions and recalculated his maximum sentence date as July 8, 2018, with no credit for time spent at liberty on parole. (Notice of Board Decision, C.R. at 116.) Classon owed 1,367 days on his unexpired original sentence. (Order to Recommit, C.R. at 114.)

3

On December 3, 2014, Classon, through counsel, filed a timely administrative appeal of the Board's November 19, 2014 decision asserting that the Board erred in recalculating his maximum term expiration date. Classon argued that the Board erred and abused its discretion because it did not consider granting him credit for his "street time"[2] under Section 6138(a)(2.1) of the Parole Code, and because his new criminal convictions were not considered a crime of violence or a crime requiring registration under that section. Classon also asserted that the Board should have provided its reasons for denying him credit. (Administrative Appeal, C.R. at 118-19.)

By Decision mailed January 26, 2015, the Board denied Classon's administrative appeal. In its letter, the Board explained that:

> Discretionary decisions on parole issues are not subject to administrative or judicial review. The Prisons and Parole Code authorizes the Board to grant or deny credit for time at liberty on parole for certain criminal offenses. 61 Pa. C.S. § 6138(a)(2.1). However, nothing in the statute grants an offender the right [to] this credit. Thus, the fact that the Board chose to deny Mr. Classon credit for time at liberty on parole is not subject to appeal.

(Board Decision, C.R. at 121.) Classon now petitions this Court for review of the Board's Decision.[3]

---

[2] "'Street time' is a term for the period of time a parolee spends at liberty on parole." Dorsey v. Pa. Bd. of Prob. and Parole, 854 A.2d 994, 996 n.3 (Pa. Cmwlth. 2004).

[3] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Miskovitch v. Pa. Bd. of Prob. and Parole, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013), petition for allowance of appeal denied, 87 A.3d 322 (Pa. 2014).

On appeal, Classon does not dispute that the Board has the authority to grant or deny him credit for time spent at liberty on parole under Section 6138(a)(2.1). Rather, he argues that the Board did not even consider granting him credit for time spent at liberty on parole in good standing against his maximum sentence.[4] He contends, and the Board does not dispute, that his new convictions are not disqualifying offenses enumerated in Section 6138(a)(2.1). In response, the Board argues that it adequately exercised its discretion by checking "No" on the section of the Hearing Report where the Board has the option of granting credit for time spent at liberty on parole, and that there is no statutory requirement that it provide reasons for its decision. The Board cites to this Court's recent *en banc* decision in Pittman, in which this Court addressed the same issues presented here.

Classon argues that the Board erred by failing to exercise its discretion under Section 6138(a)(2.1) of the Parole Code, by summarily denying him credit against his maximum sentence, and that such failure constitutes an abuse of discretion. Classon further argues that the Board erred in failing to state its reasons for its decision to deny him credit.

Section 6138(a) of the Parole Code provides, in pertinent part, the following with regard to CPVs:

**(a) Convicted violators.--**

(1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment,

---

[4] Classon contends that he was in good standing from the date he was released on parole, July 31, 2012, to the date he was arrested by the Reading Police Department, May 27, 2013. However, Classon does not elaborate whatsoever as to why he is entitled to credit for that time period in his administrative appeal or in his brief to this Court.

5

for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted **and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.**

(2.1) **The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole,** unless any of the following apply:

(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

(ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. § 6138(a) (emphasis added). In Pittman, this Court interpreted the Board's discretion under Section 6138(a), as follows:

[T]he Board's exercise of discretion under [S]ection 6138(a) of the Parole Code is two-fold. First, the Board must determine whether to recommit a parole violator. Second, when recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term, but the Board **may, in its discretion, award the parolee credit.**

Pittman, 131 A.3d at 609 (emphasis added). In that case, the Board denied a CPV credit for the time he spent at liberty on parole by checking the "No" box on the hearing report without elaborating on its reasons for doing so. Id. at 606. This Court affirmed the Board's order and held that the Board's checking the "No" box

6

on the hearing report, and thus denying the parolee credit for time spent at liberty on parole, was all that is required of it to show that it fully exercised its discretion under Section 6138(a) of the Parole Code. Id. at 611. This Court also held that the Board was "not legally obligated to issue a statement of reasons" for its decision to deny a CPV credit under Section 6138(a)(2.1) of the Parole Code. Id. at 615.

Our decision in Pittman is controlling here. We therefore must hold that the Board did not err or abuse its discretion by checking the "No" box on Classon's Hearing Report without expanding on its reasons for doing so. In accordance with Pittman, such action by the Board is sufficient to demonstrate that it exercised its discretion in choosing to deny Classon credit for the time he spent at liberty on parole under Section 6138(a)(2.1) of the Parole Code, and nothing more was required of the Board.

For the foregoing reasons, the Board's Decision is affirmed.

_____

**RENÉE COHN JUBELIRER,** Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Yonk Deny Classon, : 
                          Petitioner :
                                     :
                    v.               :   No. 126 C.D. 2015
                                     :
Pennsylvania Board of Probation and  :
Parole,                              :
                          Respondent :

# **O R D E R**

**NOW**, July 8, 2016, the Decision of the Pennsylvania Board of Probation and Parole, entered in the above-captioned matter, is hereby **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER,** Judge