IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles Bazemore, : 
     Petitioner :
                :
     v. : No. 1011 C.D. 2018
                : Submitted: January 25, 2019
Pennsylvania Board of Probation and :
Parole, :
     Respondent :

BEFORE: HONORABLE MARY HANNAH LEAVITT, President Judge
     HONORABLE PATRICIA A. McCULLOUGH, Judge
     HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT      FILED: April 22, 2019

    Charles Bazemore petitions for review of an adjudication of the Pennsylvania Board of Probation and Parole (Parole Board) denying his request for administrative relief from its recalculation of his maximum sentence date. On appeal, Bazemore argues that the Parole Board lacked authority to revoke 995 days of sentence credit previously awarded to him in connection with his recommitment as a technical parole violator. For the reasons that follow, we reverse the Parole Board's adjudication and remand the matter for a new adjudication.

    The relevant facts are not in dispute. In 2012, Bazemore was sentenced to a term of one year and six months to six years imprisonment for possession with intent to deliver a controlled substance. His maximum sentence date was October 16, 2018.

    On April 28, 2014, Bazemore was paroled to an approved residence in Philadelphia, Pennsylvania, from which he absconded. On October 2, 2015, the Parole Board declared him delinquent as of September 29, 2015. On October 22,

2015, the Norristown Police Department arrested Bazemore on the Parole Board's warrant and transferred him to the community education center at the State Correctional Institution-Chester. Certified Record at 14 (C.R. __). Thereafter, on December 8, 2015, the Parole Board cancelled its declaration of delinquency and reinstated Bazemore's parole.

On July 13, 2016, the Norristown Police Department arrested Bazemore for possession of drug paraphernalia. On September 14, 2016, the Parole Board detained Bazemore, pending disposition of the new criminal charges. On December 19, 2016, Bazemore pled guilty to the summary offense of disorderly conduct and received 90 days' probation. On January 3, 2017, the Parole Board continued Bazemore's parole but imposed additional special conditions that Bazemore attend an outpatient drug treatment program and be placed on a curfew.

On January 17, 2017, parole agents arrested Bazemore for violating his parole conditions by engaging in assaultive behavior and missing curfew. On May 23, 2017, the Parole Board recommitted Bazemore as a technical parole violator. In doing so, it credited Bazemore for his parole time, which was 995 days. His maximum sentence date remained October 16, 2018. The Parole Board took no action on Bazemore's conviction for disorderly conduct.

On July 20, 2017, the Parole Board paroled Bazemore to a community corrections center in Philadelphia. On September 24, 2017, Bazemore was arrested for simple assault and released on unsecured bail. That same day, the Parole Board issued a warrant to detain Bazemore for parole violations.

On January 19, 2018, Bazemore pled guilty to simple assault and was sentenced to six to 23 months of incarceration in the county prison.[1] C.R. 122. On April 25, 2018, the Parole Board recommitted Bazemore as a convicted parole violator to serve 15 months' backtime, upon completion of his new sentence. On May 31, 2018, Bazemore became available to begin serving his backtime.

On June 8, 2018, the Parole Board decided not to award Bazemore credit for his time on parole and calculated his maximum sentence date to be July 30, 2021. In doing so, the Parole Board revoked the 995 days of sentence credit it had previously awarded to Bazemore in the course of his prior recommitment as a technical parole violator.

On June 18, 2018, Bazemore filed a request for administrative relief challenging the Parole Board's calculation of his maximum sentence date. Bazemore stated that he only had two months of street time,[2] specifically writing that the two months was "all the time" he had "at liberty." C.R. 182-83. By decision of June 27, 2018, the Parole Board denied his request for administrative relief. Bazemore petitioned for this Court's review.

On appeal,[3] Bazemore challenges the Parole Board's calculation of his maximum sentence date. Citing to this Court's decision in *Young v. Pennsylvania Board of Probation and Parole*, 189 A.3d 16 (Pa. Cmwlth. 2018), *petition for*

---

[1] Bazemore was given credit for time served from September 24, 2017, until January 19, 2018. C.R. 118, 122.

[2] "'Street time' is a term for the period of time a parolee spends at liberty on parole." *Dorsey v. Pennsylvania Board of Probation and Parole*, 854 A.2d 994, 996 n.3 (Pa. Cmwlth. 2004).

[3] This Court's review is limited to determining whether the Parole Board's adjudication is supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Moroz v. Pennsylvania Board of Probation and Parole,* 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

*allowance of appeal granted*, 200 A.3d 5 (Pa. 2019),[4] Bazemore argues that, once credit for street time is awarded, it cannot be revoked. Bazemore contends that the Parole Board erred in revoking its prior award of 995 days of street time credit.

The Parole Board responds that Bazemore waived this issue because he did not raise it in his administrative appeal. In the alternative, the Parole Board responds that *Young* is distinguishable because it involved the Parole Board's previous award of credit to a convicted parole violator; here, by contrast the previous award of credit was to a technical parole violator.

We first address the Parole Board's argument that Bazemore waived the issue of his street time credit. Under Section 703(a) of the Administrative Agency Law, a party "may not raise upon appeal any other question not raised before the agency[.]" 2 Pa. C.S. §703(a).[5] Further, Pennsylvania Rule of Appellate Procedure 1551(a) provides that "[n]o question shall be heard or considered by the court which was not raised before the government unit[.]" PA. R.A.P. 1551(a).[6]

---

[4] *Young* involved a convicted parole violator, previously awarded credit for the time spent at liberty on parole, which the Parole Board took away during his subsequent recommitment as a convicted parole violator. This Court held that the Prisons and Parole Code (Parole Code), 61 Pa. C.S. §§101-6309, did not give the Parole Board the authority to revoke its prior award of sentence credit upon a parolee's subsequent recommitment as a convicted parole violator.

[5] Section 703(a) states:

> A party who proceeded before a Commonwealth agency under the terms of a particular statute shall not be precluded from questioning the validity of the statute in the appeal, but such party may not raise upon appeal any other question not raised before the agency (notwithstanding the fact that the agency may not be competent to resolve such question) unless allowed by the court upon due cause shown.

2 Pa. C.S. §703(a).

[6] Rule 1551(a) states:

> Review of quasijudicial orders shall be conducted by the court on the record made before the government unit. No question shall be heard or considered by the court which was not raised before the government unit except:
>
> (1) Questions involving the validity of a statute.

Thus, issues not raised to the Parole Board in an administrative appeal "are waived for purposes of appellate review by this [C]ourt." *McCaskill v. Pennsylvania Board of Probation and Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993), *appeal denied*, 644 A.2d 739 (Pa. 1994).

Here, on the administrative remedies form, Bazemore checked boxes identifying the reasons for his appeal to the Parole Board. Bazemore specifically identified the following reasons:

Administrative Appeal (an appeal of a revocation decision):
Check the Reason(s) for Appeal and Explain:

1.  ☐  Insufficient Evidence

2.  ☐  Error of Law (Timeliness, jurisdiction, hearsay, etc.)

3.  ☐  Violation of Constitutional Law (Due process, double jeopardy, etc.)

4.  ☐  Recommitment Challenge (Time/term given by Board, automatic reparole, return to custody, etc.)

5.  ☐  Other

Explanation: _____

Petition for Administrative Review (appeal of a revocation decision regarding sentence calculations):

---

(2)  Questions involving the jurisdiction of the government unit over the subject matter of the adjudication.

(3)  Questions which the court is satisfied that the petitioner could not by the exercise of due diligence have raised before the government unit. If, upon hearing before the court, the court is satisfied that any such additional question within the scope of this paragraph should be so raised, it shall remand the record to the government unit for further consideration of the additional question.

The court may in any case remand the record to the government unit for further proceedings if the court deems them necessary.

PA. R.A.P. 1551(a).

5

Check the Reason(s) for Relief and Explain:

☒ Sentence Credit Challenge   ☐ Reparole Eligibility Date

☒ Order of Service of Sentences   ☒ Other

Explanation: <u>I was paroled 4-28-14 I came back as a [technical parole violator] 1-17-17. I was reparole 7-20-17 arrested 9-23-17 Graterford placed a detainer on me 9-24-17. My max was 10-16-18 it was changed to 7-30-2021 I only owe 2 months street time.</u>

C.R. 182. On the attachment to this appeal form, Bazemore stated that, "[f]rom 7-20-17 to 9-23-17 is all the time I had at liberty." C.R. 183. Notably, in its adjudication, the Parole Board stated that it understood Bazemore to be objecting to the recalculation of his maximum date.

Bazemore's administrative appeal put the Parole Board on notice that he challenged the calculation of his maximum date of sentence, including the forfeiture of his street time credit. This is implicit in his statement that "[f]rom 7-20-17 to 9-23-17 is all the time I had at liberty." C.R. 183. This statement sets forth Bazemore's belief that he had no other street time eligible for forfeiture because the prior street time had been applied to his original sentence. We conclude that Bazemore preserved the credit issue for our review.[7]

Turning to the merits of Bazemore's appeal, we begin with a brief review of the applicable law. Section 6138(a)(1) of the Parole Code provides:

> (a) Convicted violators.--
>
> > (1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole,

---

[7] Additionally, the Parole Board states that Bazemore's counsel admitted that Bazemore did not raise this issue in the administrative appeal. *See* Parole Board Brief at 7. We disagree. Although counsel acknowledged that Bazemore did not specifically describe the Parole Board's error as forfeiture of his prior street time credit, this issue was subsumed within the issue of sentence calculations and sentence credit challenge on the administrative appeal form.

> commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

61 Pa. C.S. §6138(a)(1). Where the Parole Board determines to recommit a parolee as a convicted parole violator,

> the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

61 Pa. C.S. §6138(a)(2). Section 6138(a)(2.1) of the Parole Code states that, "[t]he [Parole B]oard may, in its discretion, award credit to a parolee recommitted … for the time spent at liberty on parole," with exceptions for certain violent crimes. 61 Pa. C.S. §6138(a)(2.1).[8] In *Young*, 189 A.3d 16, this Court construed Section 6138(a)(2.1) to mean that, "[i]f the Parole Board chooses to 'award credit' for the parolee's street time towards his sentence, the street time is gone." *Id*. at 19. Thus, "[t]he only extant 'time spent at liberty on parole' will be that time that falls between

---

[8] Section 6138(a)(2.1) of the Parole Code states:

> The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:
>
>> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).
>>
>> (ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. §6138(a)(2.1).

7

the parolee's most recent reparole and his recommitment." *Id.* at 20 (quoting 61 Pa. C.S. §6138(a)(2.1)).

With regard to technical parole violators, Section 6138(c) of the Parole Code states, in relevant part:

> (c)  Technical violators.—
>
> (1)  A parolee under the jurisdiction of the board who violates the terms and conditions of his parole, other than by the commission of a new crime of which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere in a court of record, may be detained pending a hearing before the board or waiver of the hearing or recommitted after a hearing before the board or a waiver of the hearing….
>
> * * *
>
> (2) If the parolee is recommitted under this subsection, the parolee shall be given credit for the time served on parole in good standing but with no credit for delinquent time and may be reentered to serve the remainder of the original sentence or sentences.

61 Pa. C.S. §6138(c).  This Court recently construed Section 6138(c) in  *Penjuke v. Pennsylvania Board of Probation and Parole*, __ A.3d __ (Pa. Cmwlth., No. 1304 C.D. 2017, filed February 1, 2019) (en banc), *petition for allowance of appeal filed* (Pa., No. 92 EAL 2019, March 1, 2019).[9]

In *Penjuke*, the parolee spent 793 days on parole before absconding from parole supervision.  Subsequently, the Parole Board recommitted him as a

---

[9] In its brief, the Parole Board notes that this same issue was pending before the Court in *Brady v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 262 C.D. 2018, filed February 1, 2019) (unreported).  *Brady* was a companion case to *Penjuke*.

technical parole violator for violating his parole conditions. The parolee received credit towards his sentence for his 793 days on parole.

Thereafter, the Parole Board again paroled the parolee. On reparole, he was convicted and recommitted as a convicted parole violator. In recalculating the parolee's maximum sentence date, the Parole Board revoked the credit for the 793 days that had been awarded in his prior recommitment as a technical parole violator. The parolee appealed. On appeal, the parolee argued that once he has been given credit for street time, that credit cannot be revoked. This Court agreed.

In 2012, the General Assembly amended the Parole Code to add Section 6138(a)(2.1),[10] which gave the Parole Board discretion to award a convicted parole violator credit for the time spent at liberty on parole. We reasoned, accordingly, that this amendment rendered earlier precedent on Section 6138(a)(2) of little value. In examining Section 6138(a)(2), we concluded that

> the clauses 'had the parole not been granted' and 'at liberty on parole' in section 6138(a)(2) [could not] reasonably be interpreted to permit the [Parole] Board to go beyond the 'parole period' mentioned in that section, which [was] couched solely in relation and reference to the 'parolee's recommitment' as a [convicted parole violator].

*Penjuke*, __ A.3d at __, slip op. at 23 (quoting 61 Pa. C.S. §6138(a)(2)). We construed the clause "shall be given no credit" to apply only to the period of parole that preceded the parolee's recommitment as a convicted parole violator. *Id*.

Next, this Court reviewed Section 6138(c)(2) and concluded that it mandated that a technical parole violator "be given credit for the time served on parole in good standing[.]" 61 Pa. C.S. §6138(c)(2). This signified that the Parole Board "has no choice over the matter and must grant credit to the parolee who is

---

[10] 61 Pa. C.S. §6138(a)(2.1), added by the Act of July 5, 2012, P.L. 1050.

9

recommitted as a [technical parole violator]." *Penjuke*, __ A.3d at __, slip op. at 26. Importantly, the Parole Code does not authorize the Parole Board to revoke this credit. For this reason, we concluded that the only street time a parolee can forfeit is that period of "time that falls between [his] most recent reparole and his recommitment." *Id.*, __ A.3d at __, slip. op. at 26-27 (quoting *Young*, 189 A.3d at 21). We explained that the Parole Board cannot "reach back, into the past periods of parole and also take away or revoke credit that was previously granted [to a parolee] as a [technical parole violator][,]" because that credit should have "already been applied to [the parolee's] original sentence." *Penjuke*, __ A.3d at __, slip op. at 27.

This Court reversed the Parole Board's revocation of the 793 days of street time credit it had previously awarded the parolee in his recommitment as a technical parole violator and remanded the matter to the Parole Board to reinstate the 793 days of credit and issue a new adjudication. *Penjuke* is binding.

Here, as in *Penjuke*, the Parole Board, in recommitting Bazemore as a convicted parole violator, revoked the 995 days of street time credit previously granted to him in his recommitment as a technical parole violator. This was an error. Once credit for the 995 days of street time was applied to Bazemore's sentence, the street time was gone. Consequently, at the time of his recommitment as a convicted parole violator, the only street time eligible for forfeiture was that time from his most recent reparole on July 20, 2017, to his recommitment. *Penjuke*, __ A.3d at __, slip op. at 24.

For these reasons, we reverse the Parole Board's adjudication and remand this case to the Parole Board to reinstate the 995 days of street time credit to

10

Bazemore's maximum sentence and to issue a new adjudication recomputing his maximum sentence date.

_____
MARY HANNAH LEAVITT, President Judge

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles Bazemore,                         :
                    Petitioner            :
                                          :
            v.                            :     No. 1011 C.D. 2018
                                          :
Pennsylvania Board of Probation and       :
Parole,                                   :
                    Respondent            :

**O R D E R**

AND NOW, this 22nd day of April, 2019, the adjudication of the Pennsylvania Board of Probation and Parole (Parole Board) is REVERSED and this matter is REMANDED for the Parole Board to issue a new adjudication in accordance with this opinion.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge