# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel Louis Dopson,              :
                    Petitioner    :
                                  :
            v.                    :
                                  :
Pennsylvania Board of             :
Probation and Parole,             :    No. 839 C.D. 2018
                    Respondent    :    Submitted: March 1, 2019

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED:  May 7, 2019

Daniel Louis Dopson (Dopson) petitions this Court for review of the Pennsylvania Board of Probation and Parole's (Board) May 25, 2018 order denying his request for administrative relief.  Dopson presents two issues for this Court's review: (1) whether the Board held a timely parole revocation hearing; and (2) whether the Board abused its discretion by failing to credit Dopson for all time in good standing on parole.  After review, we affirm in part, and vacate and remand in part.

On July 25, 2013, the Board voted to parole Dopson from his 3½ - to 7-year sentence for robbery (Original Sentence).  *See* Certified Record (C.R.) at 6-8. He was released on parole on October 6, 2013.  *See* C.R. at 9.  At that time, Dopson's Original Sentence maximum release date was April 6, 2017.  *See* C.R. at 9.  Dopson had agreed to conditions governing his parole, including:

> If you are arrested on new criminal charges, the Board has the authority to lodge a detainer against you which will prevent your release from custody, pending disposition of those charges, even though you may have posted bail or

been released on your own recognizance from those charges.

If you violate a condition of your parole/reparole and, after the appropriate hearing(s), the Board decides that you are in violation of a condition of your parole/reparole you may be recommitted to prison for such time as may be specified by the Board.

If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole [(*i.e.*, street time)[1]].

C.R. at 10. He also agreed that he "shall not consume or possess alcohol under any condition for any reason." C.R. at 11. Dopson did not object to the above-quoted parole conditions. *See* C.R. at 12.

On May 3, 2016, a criminal complaint was filed against Dopson in Bucks County, and he was arrested for driving under the influence of alcohol (DUI) – general impairment, DUI – highest rate (blood alcohol level .234), and disregard for traffic lanes (New Charges) on April 14, 2016. *See* C.R. at 15, 17-30. On June 14, 2016, Dopson was granted (non-monetary, release on his own recognizance (ROR)) bail. *See* C.R. at 24.

On October 5, 2016, Dopson pled guilty to the DUI – general impairment[2] and disregard for traffic lane charges, and was sentenced to six months of probation and treatment, plus costs and fines. *See* C.R. at 14-16, 25, 27. On December 28, 2016, the Board received notice of Dopson's New Charges. *See* C.R. at 13, 50. A revocation hearing was scheduled for March 3, 2017. *See* C.R. at 32, 47.

---

[1] "Street time" refers to "the period of time a parolee spends at liberty on parole." *Dorsey v. Pa. Bd. of Prob. & Parole*, 854 A.2d 994, 996 n.3 (Pa. Cmwlth. 2004).

[2] The DUI – highest rate (blood alcohol level .234) charge was nolle prossed. *See* C.R. at 15, 25.

2

On February 13, 2017, because Dopson arrived at the Allentown District parole office under the influence of alcohol, the Board lodged a warrant to commit and detain him and incarcerated Dopson at State Correctional Institution (SCI)-Graterford. *See* C.R. at 31-32, 43-48, 62. On that same date, Dopson admitted to his parole violation and waived his right to a revocation hearing and counsel. *See* C.R. at 32, 43-46. On February 27, 2017, Dopson admitted to being convicted of his New Charges, and waived his right to a revocation hearing and counsel. *See* C.R. at 32, 40-42.

On March 29, 2017, the second panel member voted to accept Dopson's waivers, recommit him as a technical parole violator (TPV) and convicted parole violator (CPV), and deny Dopson credit for time spent at liberty on parole.[3] *See* C.R. at 32-39. By decision recorded May 30, 2017 (mailed June 7, 2017), the Board formally recommitted Dopson to an SCI to serve six months of backtime as a TPV (for his parole condition violation) concurrently with six months of backtime as a CPV (on the New Charges). *See* C.R. at 34-35, 63-66. The Board recalculated Dopson's Original Sentence maximum release date to August 14, 2020. *See* C.R. at 64-65.

On June 29, 2017, Dopson submitted an Administrative Remedies Form challenging the Board's decision recorded May 30, 2017 (mailed June 7, 2017), claiming that the Board "forfeited [Dopson's] street time without stating [a] reason (abuse of discretion). The revocation hearing was untimely. The [B]oard erred in determining the dates applicable to [Dopson's] case." C.R. at 82. Dopson further argued that the Board "failed to give [him] credit for all time incarcerated exclusively pursuant to [the B]oard warrant." C.R. at 82. On February 15, 2018, Dopson's counsel requested the Board's decision. *See* C.R. at 83.

---

[3] Section 6113(b) of the Prisons and Parole Code states, in relevant part: "The [B]oard may make decisions on . . . revocation in panels of two persons. A panel shall consist of one board member and one hearing examiner or of two board members." 61 Pa.C.S. § 6113(b).

On May 25, 2018, the Board denied Dopson's request for administrative relief and affirmed the Board's decision, stating:

> Your client was released on parole on October 6, 2013, with a maximum sentence date of [] April 6, 2017. At that point, 1278 days remained on his sentence. The Board has the authority to establish a parole violation maximum date in cases of [CPVs]. *See Young v. Commonwealth*, 409 A.2d 843 (Pa. 1979); *Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348 (Pa. Cmwlth. 2007). Because he was recommitted as a [CPV], he is required to serve the remainder of his original term and is not entitled to credit for any periods of time he was at liberty on parole. 61 Pa.C.S. § 6138(a)(2). Your client was not detained by the Board until February 13, 2017, after he was sentenced on his [New Charges]. Adding 1278 days to that date results in the August 14, 2020 parole violation maximum date.

C.R. at 84. Dopson appealed to this Court.[4]

Dopson argues that the Board failed to hold a timely revocation hearing. Dopson specifically contends that "the [Board] failed to take any steps to revoke [Dopson's parole] after it had verified his conviction." Dopson Br. at 10.

However, Dopson clearly waived his right to a revocation hearing. This Court has consistently held that once a parolee waives his right to a parole revocation hearing, he also waives his right to later challenge the hearing's timeliness. *Stroud v. Pa. Bd. of Prob. & Parole*, 196 A.3d 667 (Pa. Cmwlth. 2018); *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073 (Pa. Cmwlth. 2013). Therefore, this argument is without merit.

Notwithstanding, Section 71.4(1) of the Board's Regulations specifies: "A revocation hearing shall be held within 120 days from the date the Board received

---

[4] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

official verification of the plea of guilty . . . ." 37 Pa. Code § 71.4(1). "[T]he Board has the burden of proving by a preponderance of the evidence that the hearing was, in fact, timely." *Brown v. Pa. Bd. of Prob. & Parole*, 184 A.3d 1021, 1025 (Pa. Cmwlth. 2017).

Here, the Board established that it received official verification of Dopson's conviction on the New Charges on December 28, 2016. *See* C.R. at 13, 50. The Board detained Dopson on February 13, 2017. But for Dopson's intervening February 13 and 27, 2017 waivers, a revocation hearing would have been conducted on March 3, 2017. *See* C.R. at 32, 40-47. Pursuant to Section 71.4(1) of the Board's Regulations, the Board had until April 27, 2017 (120 days from December 28, 2016) to conduct Dopson's revocation hearing. Because the Board took revocation action well before April 27, 2017, even if Dopson had not waived his right to a parole revocation hearing, his argument is unfounded.

Dopson also contends that the Board abused its discretion by failing to credit him for all of his time spent in good standing at liberty on parole. Specifically, Dopson claims that DUI is not an offense for which street time credit is precluded under Section 9714(g) of the Sentencing Code, 42 Pa.C.S. § 9714(g). Dopson further asserts that the Board erred by failing to state the reasons for denying him that credit, in violation of the Supreme Court's ruling in *Pittman v. Pennsylvania Board of Probation & Parole*, 159 A.3d 466 (Pa. 2017).[5]

> Section 6138(a)(1) of the Prisons and Parole Code (Parole Code) provides that
>
> > [a] parolee under the jurisdiction of the [B]oard released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty

---

[5] *Pittman* was decided on April 26, 2017.

or nolo contendere at any time thereafter in a court of record, may at the discretion of the [B]oard be recommitted as a parole violator.

61 Pa. C.S. § 6138(a)(1). Where the [Board] determines to recommit a parolee as a convicted parole violator,

the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, *except as provided under paragraph (2.1),*[6] shall be given no credit for the time at liberty on parole.

61 Pa. C.S. § 6138(a)(2) (emphasis added). Section 6138(a)(2.1) of the Parole Code provides that, '[t]he [Board] may, in its discretion, award credit to a parolee recommitted . . . for the time spent at liberty on parole,' with [] enumerated exceptions, none of which are applicable in this case. 61 Pa. C.S. § 6138(a)(2.1).

Recently, in *Pittman*, our Supreme Court explained that, when the [Board] exercises its discretion under Section 6138(a)(2.1) [of the Parole Code], it 'must articulate the basis for its decision to grant or deny a convicted parole violator credit for time served at liberty on parole.' [*Pittman*,] 159 A.3d at 474.

---

[6] Section 6138(a)(2.1) of the Parole Code states, in relevant part:

The [B]oard may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in [Section 9714(g) of the Sentencing Code] . . . (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

61 Pa.C.S. § 6138(a)(2.1). Because DUI is not a crime of violence included in Section 9714(g) of the Sentencing Code, the Board had the discretion to award Dopson street time credit but did not.

*Smoak v. Talaber*, 193 A.3d 1160, 1163-64 (Pa. Cmwlth. 2018) (footnotes omitted). Further, Section 6138(a)(4) of the Parole Code provides: "The period of time for which the parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution as a parole violator." 61 Pa.C.S. § 6138(a)(4).

Based on this record, at the time of his parole (on April 6, 2017), Dopson had 1278 days remaining on his Original Sentence (*e.g.*, 3 years and 6 months). Because he violated a parole condition and committed a crime, the Board had jurisdiction to and did recommit him to serve six months of his Original Sentence. Dopson was on ROR bail from June 14, 2016 until he was detained and arrested on February 13, 2017. The Board properly calculated Dopson's new August 14, 2020 maximum sentence release date by adding 1278 days to February 13, 2017. The Board had the discretion to, but denied Dopson credit for the time he spent in good standing at liberty on parole. The Board admits that it "did not provide a contemporaneous reason for its decision not to award [Dopson] any credit as required under the holding in *Pittman*[,]" and states that this matter "should be remanded back [sic] to the Board solely to correct this error." Board Br. at 8.

Accordingly, the Board's May 25, 2018 order affirming the recalculation of Dopson's maximum sentence date is vacated, and the matter is remanded for the Board to consider whether to credit Dopson with street time and, if such credit is denied, for the Board to explain its reasons in accordance with *Pittman*. *See Burke v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth. No. 847 C.D. 2018, filed March 25, 2019); *see also Riley v. Talaber* (Pa. Cmwlth. No. 1459 C.D. 2017, filed January 18, 2019); *Coffield v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth. No. 1621 C.D. 2017, filed January 17, 2019).

For the above reasons, the portion of the Board's decision revoking Dopson's parole and recommitting him as a TPV and CPV to serve backtime is

7

affirmed. The portion of the Board's order recalculating Dopson's maximum sentence release date is vacated, and this case is remanded for the Board to issue a new decision on whether to credit Dopson with street time and, if such credit is denied, the Board shall state its explanation in accordance with *Pittman*. The Board shall then recalculate Dopson's maximum sentence release date accordingly.


_____
ANNE E. COVEY, Judge

Daniel Louis Dopson, :
                 Petitioner :
                 :
            v. :
                 :
Pennsylvania Board of :
Probation and Parole, : No. 839 C.D. 2018
              Respondent :

# O R D E R

AND NOW, this 7th day of May, 2019, the portion of the Pennsylvania Board of Probation and Parole's (Board) May 25, 2018 order revoking Daniel Louis Dopson's (Dopson) parole and recommitting him as a technical and convicted parole violator to serve backtime is affirmed. The portion of the Board's order recalculating Dopson's maximum sentence release date is vacated, and this matter is remanded to the Board to issue a new decision consistent with this opinion.

Jurisdiction relinquished.

_____
ANNE E. COVEY, Judge