IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jackson Claire Hulse, : 
              Petitioner : 
               : 
      v. : 
               : 
Pennsylvania Parole Board, : No. 471 C.D. 2024
              Respondent : Submitted: July 7, 2025


BEFORE:   HONORABLE ANNE E. COVEY, Judge
             HONORABLE LORI A. DUMAS, Judge
             HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                FILED:  August 22, 2025

Jackson Claire Hulse (Hulse) petitions this Court for review of the Pennsylvania Parole Board's (Board) decision mailed April 10, 2024, denying his request for administrative relief. Hulse presents one issue for this Court's review: whether the Board violated *Pittman v. Pennsylvania Board of Probation & Parole*, 159 A.3d 466 (Pa. 2017), and his due process rights under the Pennsylvania and United States Constitutions by revoking previously granted credit for time spent at liberty on parole (i.e., street time) without giving a reason therefor.[1] After review, this Court affirms.

Hulse is currently at liberty on parole.[2] On February 2, 2014, the Jefferson County Common Pleas Court convicted Hulse of

---

[1] "Street time" refers to "the period of time a parolee spends at liberty on parole." *Dorsey v. Pa. Bd. of Prob. & Parole*, 854 A.2d 994, 996 n.3 (Pa. Cmwlth. 2004).

[2] The Board granted Hulse parole to serve his Jefferson County Detainer Sentence on September 7, 2023. *See* Certified Record (C.R.) at 74. By January 30, 2024 decision, the Board

Manufacture/Sale/Delivery/Possession with Intent to Deliver a Controlled Substance and sentenced him to 1 year, 6 months to 10 years of incarceration (Original Sentence). His Original Sentence maximum release date was February 2, 2024. On May 7, 2015, the Board paroled Hulse from his Original Sentence. Hulse signed and, therefore, agreed to Conditions of Parole/Reparole (Parole Conditions), including, *inter alia*:

> If you are arrested on new criminal charges, the Board has the authority to lodge a detainer against you which will prevent your release from custody, pending disposition of those charges, even though you may have posted bail or been released on your own recognizance from those charges.
>
> . . . .
>
> If you are convicted of a crime committed while on parole/reparole and, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole [(street time)].

Certified Record (C.R.) at 8.

Relevant to the instant matter, after the Board again released Hulse on parole on June 8, 2022, the Pennsylvania State Police arrested him during a traffic stop, wherein Hulse admitted to using methamphetamine. The Jefferson County District Attorney charged Hulse with violating Parole Conditions and Driving Under the Influence-Impaired Ability - 2nd Offense (DUI). On June 14, 2022, the Board recommitted Hulse as a technical parole violator. On January 13, 2023, Hulse pled guilty to the DUI charge, and, on March 14, 2023, the Jefferson County Common

---

granted Hulse short sentence parole and stated that he must remain on reparole until May 12, 2029. *See* C.R. at 80.

Pleas Court sentenced him to 6 months to 30 months of incarceration (New Sentence).

On May 12, 2023, the Board issued a Notice of Charges and Hearing. That same day, Hulse waived his rights to a panel hearing and representation of counsel and admitted to the DUI conviction. By decision recorded May 31, 2023, the Board revoked Hulse's parole, recommitted him as a convicted parole violator (CPV), and denied him credit for his current period at liberty on parole. The Board reasoned that "[Hulse] had been convicted of a new crime that is the same or similar to the original offense," and that he "continued to demonstrate unresolved drug and/or alcohol issues." C.R. at 56. Under the Hearing Report's "Additional Information" section, the Board wrote, in relevant part:

> This Hearing Examiner recommends that [Hulse] be DENIED the CURRENT time at liberty on parole due to suffering [one] new drug-related conviction while under supervision and his poor adjustment while on parole. [Hulse] was released on [February 8, 2017,] and has continually used meth[amphetamine] throughout his parole, often driving while impaired by the substance.[3]

C.R. at 61. By decision recorded June 7, 2023 (mailed June 15, 2023), the Board formally recommitted Hulse to a State Correctional Institution to serve 6 years, 1 month, and 29 days of backtime on his Original Sentence. *See* C.R. at 70. The Board recalculated Hulse's Original Sentence maximum release date to May 12, 2029. *See id*.

On June 26, 2023, Hulse submitted an Administrative Remedies Form appealing from the Board's recommitment decision, alleging therein that the Board failed to comport with the *Pittman* requirements by failing to state a sufficient reason

---

[3] On November 12, 2018, local police found Hulse to be in possession of methamphetamine and a glass pipe. *See* C.R. at 61. On March 18, 2019, Hulse told a parole agent that he was still using methamphetamine. *See id*. On March 25, 2020, a violation was entered against Hulse for his illegal use of drugs and failure to attend treatment. *See id*.

for denying him credit for street time. *See* C.R. at 85. On April 10, 2024, the Board denied Hulse's request and affirmed the Board's decision, concluding that the Board's reasons for denying Hulse credit for street time were sufficient. *See* C.R. at 91. Hulse appealed to this Court.[4]

The law is well established that *Pittman* requires the Board to provide a contemporaneous statement explaining its reason for denying a CPV credit for time spent at liberty on parole. *See Plummer v. Pa. Bd. of Prob. & Parole*, 216 A.3d 1207 (Pa. Cmwlth. 2019). "The Board's explanation need not be extensive, and 'a single sentence [] is likely sufficient in most instances." *Id.* at 1211 (quoting *Pittman*, 159 A.3d at 475 n.12).

Hulse argues that the Board erred by failing to provide a sufficient statement explaining why it revoked his time spent at liberty on parole. Hulse claims that his current conviction is not the same or similar to the crime associated with his Original Sentence. He further contends that his conviction for possession with intent to deliver is distinct from his 2022 conviction for DUI because intent to deliver a controlled substance harms the public directly, whereas his DUI did not injure anyone or harm the public at large.

In *Smoak v. Talaber*, 193 A.3d 1160 (Pa. Cmwlth. 2018), the parolee was originally convicted of intent to deliver illegal narcotics, and the Board denied him credit for street time after the parolee's arrest for Furnishing Drug Free Urine to falsify a parole-mandated urinalysis. The Board offered "UNRESOLVED DRUG AND ALCOHOL ISSUES" as its reasoning for denying the parolee credit for street time, and this Court found the Board's statement legally sufficient. *Smoak*, 193 A.3d at 1165.

---

[4] "[This Court's] review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Kazickas v. Pa. Bd. of Prob. & Parole*, 226 A.3d 109, 115 n.9 (Pa. Cmwlth. 2020) (quoting *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013)).

4

Similarly, here, this Court concludes that the Board's reason for denying Hulse credit for street time is sufficient. The Board specified its reason for revoking credit for Hulse's street time as: "Unresolved drug and alcohol issues," and "[Hulse] has been convicted of a new crime that is the same or similar to the original offense." C.R. at 56. Ultimately, during his June 8, 2022 arrest, Hulse admitted to the arresting officer that he had used methamphetamine. *See* C.R. at 61. The arresting officer also found illegal marijuana and a glass bulb with methamphetamine residue. *See id.* Hulse's Original Sentence was for Manufacture/Sale/Delivery/Possession with Intent to Deliver a Controlled Substance (methamphetamine), and his New Sentence was for a DUI while on methamphetamine; both drug-related offenses. Further, outside of the current matter, Hulse's history includes other instances of unresolved drug problems. Therefore, Hulse's history fully supported the Board's decision to deny him credit for street time due to unresolved drug problems. *See Smoak*; *see also Plummer*. Accordingly, the Board satisfied *Pittman's* requirements.

For all of the above reasons, the Board's decision is affirmed.

_____
ANNE E. COVEY, Judge

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jackson Claire Hulse,       :
        Petitioner       :
               :
        v.       :
               :
Pennsylvania Parole Board,       :   No. 471 C.D. 2024
        Respondent       :

## O R D E R

AND NOW, this 22nd day of August, 2025, the Pennsylvania Parole Board's decision mailed April 10, 2024 is affirmed.

_____
ANNE E. COVEY, Judge