IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bernard Brown,                          :
               Petitioner              :
                                      :  No. 954 C.D. 2023
     v.                                :
                                        :
Pennsylvania Parole Board,              :
               Respondent            :  Submitted:  September 9, 2024

BEFORE:   HONORABLE ELLEN CEISLER, Judge
                 HONORABLE LORI A. DUMAS, Judge
                 HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE CEISLER                            FILED:  October 10, 2024

Petitioner Bernard Brown (Brown) petitions for review of the Pennsylvania Parole Board's (Board) August 16, 2023 order, through which the Board affirmed its March 13, 2023 decision.[1] In that decision, the Board recommitted Brown as a convicted parole violator (CPV); directed him to serve 18 months of CPV backtime as a result; elected to award him no credit for time spent at liberty on parole; and recalculated his maximum parole violation date as February 17, 2028. Brown's counsel, Kent D. Watkins, Esquire (Counsel), has submitted an Application to Withdraw as Counsel (Application to Withdraw), along with a *Turner* letter,[2] in

---

[1] This decision is dated March 13, 2023, but was not mailed until four days later. *See* Certified Record (C.R.) at 83-84.

[2] The term "*Turner* letter" refers to the seminal case *Commonwealth v. Turner*, in which our Supreme Court "set forth the appropriate procedures for the withdrawal of court-appointed counsel in collateral attacks on criminal convictions." 544 A.2d 927, 927-29 (Pa. 1988). In a *Turner* letter pertaining to a parole violation matter, an attorney seeks leave of court to withdraw
**(Footnote continued on next page…)**

which Counsel contends the arguments raised by Brown in his Petition for Review are frivolous and without merit.[3] After thorough consideration, we deny Counsel's Application to Withdraw without prejudice and direct him to file either a proper, amended Application to Withdraw and *Turner* letter, or an advocate's brief in support of Brown's Petition for Review, within 30 days.

## I. Background

On April 28, 2014, Brown was sentenced by the Court of Common Pleas of Philadelphia County to a carceral term of 5 to 10 years in state prison, due to Brown's entering of a guilty plea on a single count of aggravated assault. C.R. at 1-2. Brown was subsequently paroled on September 10, 2017, at which point the maximum date on that sentence was September 10, 2022. *Id.* at 4-12.

Brown was subsequently arrested by federal agents on August 12, 2019, and was charged in the United States District Court for the Eastern District of Pennsylvania (District Court) with two counts of distributing 28 or more grams of cocaine base. *Id.* at 16, 48, 51, 55-57. In response, the Board issued a detainer warrant for Brown the following day, August 13, 2019. *Id.* at 13. Brown then pled

---

representation because "the [violator's] case lacks merit, even if it is not so anemic as to be deemed wholly frivolous." *Com. v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007).

> Such letters are referred to by various names by courts of this Commonwealth. *See, e.g.*, *Com*[.] *v. Porter*, [. . .] 728 A.2d 890, 893 & n.2 ([Pa.] 1999) (referring to such a letter as a "'no merit' letter" and noting that such a letter is also commonly referred to as a "*Finley* letter," referring to the Superior Court case *Commonwealth v. Finley*, [. . .] 479 A.2d 568 ([Pa. Super.] 1984)); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) ("*Turner* letter"); *Com*[.] *v. Blackwell*, 936 A.2d 497, 499 (Pa. Super. 2007) ("*Turner/Finley* letter").

*Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25 n.2 (Pa. Cmwlth. 2009).

[3] We also note that Brown filed a *pro se* brief in support of his Petition for Review on December 22, 2023, in response to Counsel's Application to Withdraw.

guilty to those federal charges on March 19, 2020, whereupon the District Court sentenced him to 60 months in federal prison, along with 60 months of probation. *Id.* at 14, 20-47, 52-54, 58.

The Board then commenced parole revocation proceedings against Brown. On September 15, 2021, Brown waived his right to a parole revocation hearing, as well as to legal representation at that hearing, and admitted that he had been convicted of the aforementioned crimes in the District Court. *Id.* at 19. The Board then issued a decision on November 9, 2021, in which it ordered that Brown be recommitted as a CPV to serve 18 months of backtime on his 2014 sentence due to his federal conviction, to be served once he was released from federal prison and returned to state custody. *Id.* at 78-79.[4] On March 17, 2023, the Board issued another decision. Therein, it referred to its November 9, 2021 decision, reiterated its determination that Brown was to serve 18 months of CPV backtime on his state sentence, and elected not to award him credit for street time,[5] due to the serious nature of the federal crimes for which he had been convicted. *Id.* at 83-84.

Brown responded on April 11, 2023, by administratively appealing the Board's March 17, 2023 decision. *Id.* at 85. In his administrative appeal, Brown argued that the Board had committed two errors. *Id.* First, the Board had unlawfully denied him a parole revocation hearing, in violation of Section 6138(a)(5.1) of the Prisons and Parole Code[6] (Parole Code) and the Fourteenth Amendment of the

---

[4] Brown was released from federal custody on November 14, 2023. C.R. at 72.

[5] "'Street time'" is a term for the period of time a parolee spends at liberty on parole." *Dorsey v. Pa. Bd. of Prob. & Parole*, 854 A.2d 994, 996 n.3 (Pa. Cmwlth. 2004) (citing Wile, Pennsylvania Law of Probation and Parole § 16.15 (2003)).

[6] 61 Pa. C.S. § 6138(a)(5.1).

United States Constitution.[7] *Id.* Second, the Board had contravened Section 6138(a)(5.1) of the Parole Code in an additional way, by preventing him from serving backtime until after his return from federal custody and consequently miscalculating his state sentence. *Id.* The Board responded by affirming its March 17, 2023 decision on August 16, 2023. *Id.* at 94-95.

On September 1, 2023, Brown, acting through Counsel, appealed the Board's August 16, 2023 order to our Court. Thereafter, on November 1, 2023, Counsel filed his Application to Withdraw and *Turner* letter. Counsel seeks leave to withdraw from representing Brown because, in his view, Brown's appeal is frivolous and without merit, due to the fact that the Board properly recalculated the maximum date on Brown's state sentence, gave a legally sufficient explanation for why it declined to award Brown credit for time served at liberty on parole, and did not violate the Fourteenth Amendment in any manner. Appl. to Withdraw, ¶¶5-6; *Turner* Letter at 4-6.

## II. Discussion

Our first task is to assess the adequacy of Counsel's *Turner* letter. Throughout this process, Brown has not raised any claims that implicate his constitutional right to counsel. For this reason, Counsel appropriately elected to file a *Turner* letter in this matter. *See Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 43 n.4 (Pa. Cmwlth. 2010). "A [*Turner*] letter must include an explanation of 'the nature and extent of counsel's review and list each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'" *Id.* at 43 (quoting

---

[7] U.S. CONST. amend. XIV § 1.

*Turner*, 544 A.2d at 928) (some alterations omitted).[8] As long as a *Turner* letter satisfies these basic requirements, we may then review the soundness of a petitioner's request for relief. *Zerby*, 964 A.2d at 960. However, if the letter fails on technical grounds, we must deny the request for leave to withdraw, without delving into the substance of the underlying petition for review, and may direct counsel to file either an amended request for leave to withdraw or a brief on behalf of their client. *Id.*

We conclude that Counsel's *Turner* letter fails to satisfy the aforementioned technical requirements. This is for several reasons. First, Counsel does not address either of the issues raised by Brown in his Petition for Review, namely, that the Board did not award Brown credit for all of the time he served on its warrant and improperly required Brown to serve his federal sentence before the balance of his state sentence. *See* Pet. for Rev., ¶¶5-6. Second, Counsel does not evaluate Brown's argument that the Board unlawfully denied him the ability to have a parole revocation hearing.

> Although [Brown] omitted [this] issue[] from his Petition for Review, that did not relieve Counsel of his obligation to address [that] argument[] before this Court. *See* Pa. R.A.P. 1513(d)(5) ("[T]he omission of an issue from the statement [of objections in a petition for review] shall not be the basis for a finding of waiver if the court is able to address the issue based on the certified record."). The process of a court-appointed attorney seeking leave to withdraw from a case pending before our court happens after a petition for review is filed, but before the petitioner submits an appellate brief. Therefore, given that a court-appointed attorney must address all issues raised by their

---

[8] Counsel must also "notify the parolee of his request to withdraw, furnish the parolee with a copy of the [*Turner*] letter . . . , and inform the parolee of his right to retain new counsel or submit a brief on his own behalf." *Stroud v. Pa. Bd. of Prob. & Parole*, 196 A.3d 667, 670 (Pa. Cmwlth. 2018).

5

client before a court can determine whether to grant permission to withdraw from the case, and the identifiable issues raised at the administrative level are not waived until the substantive brief stage, the court-appointed attorney must analyze all such issues in order to obtain leave to withdraw, even if those issues were not mentioned in the petitioner's petition for review.

*Anderson v. Pa. Bd. of Prob. & Parole*, 237 A.3d 1203, 1207 (Pa. Cmwlth. 2020). Finally, Counsel's bald assertion that "[t]here is no evidence in the record that [Brown's] Fourteen Amendments [sic] rights were violated," *Turner* Letter at 5, is woefully insufficient from an analytical standpoint and thus falls far short of satisfying the burden placed upon Counsel to justify his request for leave to withdraw from this matter.

### III. Conclusion

Consequently, we deny Counsel's Application to Withdraw without prejudice and direct Counsel to remedy the aforementioned deficiencies by filing either an amended Application to Withdraw and *Turner* letter, or an advocate's brief in support of Brown's Petition for Review, within 30 days.[9]

ELLEN CEISLER, Judge

---

[9] Due to our disposition of this matter, we need not address the merits of the arguments raised by Brown in his *pro se* brief.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bernard Brown,                          :
                    Petitioner          :
                                        :
        v.                              :  No. 954 C.D. 2023
                                        :
Pennsylvania Parole Board,              :
                    Respondent          :

# **O R D E R**

AND NOW, this 10th day of October, 2024, the Application to Withdraw as Counsel (Application to Withdraw) filed by Kent D. Watkins, Esquire (Counsel), is hereby DENIED WITHOUT PREJUDICE. Counsel shall file an amended Application to Withdraw and a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), or an advocate's brief in support of Petitioner Bernard Brown's Petition for Review, within 30 days.

                                        ELLEN CEISLER, Judge